M’Graic, C. J.,
delivered the opinion of the Court.
Douchouquette, the defendant in error in each of these cases, had commenced actions in the Circuit Court against the respective plaintiffs in error, and had judgment there. To reverse these judgments the respective plaintiffs in error came into this Court and assigned errors, to which the defendant in error pleads in bar of the writs, that after the rendition of the said judgment, and before the issuing out of the said writs of error, the said plaintiffs in error made their respective applications to the then Judge of the Circuit Court, within and for the Circuit in which St. Louis county is included, for an injunction to restrain said defendant from proceeding on said judgments against said plaintiffs, and then and there presented to said Judge, in support of their said application, their bills of complaint against said defendant, setting forth certain supposed matters of equity, and praying, among other things, that the said defendant be enjoined from further proceedings on the said judgments ; and that the said Judge did accordingly grant injunctions, &c. To this plea the plaintiff in error demurs generally, and the defendant joins in demurrer. The question to be decided is, whether the matter pleaded is a bar to the writ of error. Eor the plaintiff in error it is contended, first, that the injunction can, by Virtue of the statute referred to in the plea, only operate as a release of errors, in the proceedings properly so called, sought to be enjoined, and as contradistinguished from the essential merits of the case; second, that whether the injunction operates as a release of errors in the restricted or in the general sense, it can only operate while in existence, and when *514 dissolved as an injunction, it is dissolved as a release. The words of the statute are, every injunction, when granted, shall operate as a release,,and all errors in the proceedings at law, that are prayed to be enjoined. The words of the bill, as set out in the plea, are, that the defendant be enjoined from further proceedings on the said judgment. It appears to be very plain, that the release provided for by the statute extended to every error, and that the release is not dissolved by a dissolution of the injunction. Lame, indeed, would be the provision in the statute if the plaintiffs in error' were allowed to return from the Chancery side of the Court to the law side, and have another chance to harass the defendant, by seeking to reverse a judgment which the plaintiffs in error had before admitted to be good. Every man, coming into a Court of Law, is supposed to know the law; and if the plaintiff in error has abandoned his remedy at law, under a mistaken opinion that his remedy was in Chancery, he must abide by the consequences of his own error.