HUGH McFARLAND, *Plaintiff in Error*,

*vs.*

JACOB ROGERS, *Defendant in Error*.

ERROR TO THE COUNTY COURT OF COLUMBIA COUNTY.

A release of errors may be pleaded in bar to an assignment of errors.

The filing a bill and obtaining an injunction to stay proceedings upon a judgment of law, requires a release of errors in the judgment, the statute providing that no injunction shall be allowed without such release.

A party obtaining such injunction, is estopped from denying that he released errors, as required by the statute.

To allow such denial, after the party had obtained his injunction and stay of proceedings, would be to give efficacy to a fraud upon the statute.

Where matter of estoppel appears upon the record, the party relying upon it may demur.

On the 17th day of July, 1850, the plaintiff in error commenced suit in replevin against the defendant in error, before a justice of the peace of Columbia county, for a quantity of pine lumber, where he obtained judgment. The defendant appealed to the County Court, where the plaintiff became non-suited, and judgment was rendered against him for the value of the property and costs.

Afterwards, the plaintiff in error filed his bill in chancery in the Circuit Court for Columbia county, praying for, and obtained an injunction, staying proceedings upon such judgment, and praying for other relief.

At the March term of said Circuit Court, the said injunction was dissolved, and the bill dismissed.

The plaintiff then brought his writ of error upon the said judgment to remove the record to this court.

The defendant in error appeared, and put in the following plea :

"And the said Jacob Rogers, by Hand & Loop, his attorneys, comes and says, that the said Hugh McFarland ought not further to prosecute or maintain his writ of error aforesaid against him, the said Jacob Rogers, because, he says, that after the judgment aforesaid, in form aforesaid, recovered, and before the day of suing out of the said writ of error, to wit : on the 22d day of August, 1851, at Fort Winnebago, in the county of Columbia, and State aforesaid, he, the said Hugh McFarland, came and filed his bill in chancery in the office of the clerk of the Circuit Court in and for the county of Columbia, against the said Rogers and one Alexander McDonald, praying in said bill, among other things, that the said Rogers might be restrained and enjoined from all further proceedings on two certain judgments therein described, in favor of the said Rogers and against the said McFarland, (the same judgment on which this writ is brought,) and on which executions had been issued, and were then in the hands of the said McDonald, sheriff of said county, for collection ;" "and that afterwards, on the same day aforesaid, a writ of injunction was allowed on said bill, according to the prayer thereof, by Joshua Guppy, Esq., county judge of said county, acting as court commissioner ; and that, before and at the time of the allowing of said writ of injunction aforesaid, the said Hugh McFarland released all errors in said judgment so by him prayed to be restrained, according to the statute in such case made and provided." The plea then avers that the writ of injunction was duly served upon the defendants in the said bill, and that afterwards, at the March term of said Cir-

cuit Court, 1852, the said injunction was dissolved, and the bill dismissed at the costs of the complainant, concluding with a verification, &c.

To this the plaintiff in error replied, admitting that he filed his bill and obtained his injunction ; that the injunction was dissolved and bill dismissed as alleged in said plea, but denied " that before and at the time of the allowance of the said writ of injunction, or at any other time by any bill in chancery, or by any other manner or means whatsoever, he released the errors complained of in the said judgment," &c.

To this replication, there was a demurrer and joinder.

*Hand & Loop,* for the demurrant. 1. The plaintiff in error has once stayed the proceedings in this case, thereby releasing all errors in said judgment. *R. S. p.* 427, § 106. 2. A release of errors, executed for the purpose of procuring an injunction, may be pleaded in bar of a writ of error, although the injunction had been refused and the bill dismissed. 2 *Blackf.* 219 ; 4 *id.* 128 ; 4 *Yerg.* 172. 3. The law presumes, that when an act is required to be done by a public officer, that it has been done, until the contrary appears. *Root vs. Hartwell,* 19 *J. R.* 345.

*Collins & Smith, contra,* denied that there was any presumption that the plaintiff in fact released the errors in the judgment. The obtaining of the injunction was no evidence of the fact. If the officer allowed the injunction without a release of errors, the plaintiff is not precluded from denying such a release. 1 *Greenlf. Ev.* § 22, 23, *and notes,* § 204 *to* 210 ; 4 *Kent,* 261 ; *Best on Presump.* 20.

JUNE TERM, 1853,

McFarland
vs.
Rogers.

*Hand*, in reply, insisted that the plaintiff, having obtained his injunction, was estopped from denying a release of errors.

*By the Court,* WHITON, C. J. We think the plaintiff in error is estopped from denying the matters set up in the defendant's plea. The obtaining of the injunction by the plaintiff in error, is admitted in the replication which the plaintiff has filed, but the signing of the release of errors, he seeks to put in issue. The statute (*R. S. chap.* 84, § 106) is in these words: " No injunction shall be granted to stay any proceedings at law until the complainant shall release all errors at law in the proceedings prayed to be enjoined."

The injunction was obtained and the proceedings were stayed; but the plaintiff in error now seeks to show that this was done in violation of law, and claims, that after having obtained the injunction and enjoined the proceedings in the suit at law, he can take advantage of any error which was committed at the trial of the suit, in the same manner and with like effect as though the injunction had not been obtained.

We think that it would not only be gross injustice, but a violation of law, to allow him to do so. In the case of *Love vs. Rockwell,* decided at the present term of this court, we held that a party was estopped from denying that an appeal had been taken in a case decided by a justice of the peace in contradiction to his own recognizance, executed in conformity to the statute for the purpose of perfecting an appeal, although no appeal lay from the decision of the justice.

This decision was made, on the ground that a party

could not be allowed to deny the fact recited in his recognizance.

In this case, the plaintiff in error must be held to have complied with the statute when he obtained his injunction; he cannot be allowed to show that he committed a fraud upon the statute and upon the defendant in error, by obtaining the injunction without signing the release of errors, as the statute provides. A grantor in a deed is not allowed to show that he had no title to the land, which he has conveyed with warranty. (*Eveleth vs. Cranch*, 15 *Mass. R.* 307 ; *Wilkinson vs. Scott*, 17 *do.* 249.) So an obligor in an administration bond, is estopped to deny the appointment of the administrator recited in the bond. (*Cutler vs. Dickinson*, 8 *Pick. R.* 386.

In these cases, the party who was estopped had done an act inconsistent with the one he attempted to prove, and it would have been contrary to equity and good conscience to allow him to avail himself of it. So here, the act of the plaintiff in error is entirely at variance with the fact attempted to be put in issue by the replication.

It was insisted at the argument by the counsel for the plaintiff in error, that the defendant in error had waived the estoppel by demurring, and neglecting to file a rejoinder setting out the matter creating the estoppel. But this is not necessary when it appears on the record ; in such cases the party relying on the estoppel may demur. (*Kemp vs. Goodal*, 1 *Salk.* 277 ; *Palmer vs. Elkins*, 2 *Ld. Raym.* 1554.) Here the matter constituting the estoppel appears in the replication, and a demurrer was proper.

The demurrer must be sustained.

[Mr. Justice Crawford dissented, on the ground that

he thought the doctrine of estoppel did not apply, <span>Juⁿᵉ Tᴇʀᴍ, 1853.</span>
and that the fact of release of errors set up in the
plea, should be traversed by the replication of the <span>Spraguo vs. Birchard.</span>
plaintiff in error.]