T. A. McKENNY, Plaintiff in Error, v. S. W. CLARK et al., Defendant in Error.

### Kansas City Court of Appeals, June 4, 1900.

Injunction: RELEASE OF ERROR: STATUTE: APPELLATE COURT. The suing out of an injunction to restrain the execution of a judgment releases all error, therein which could have been relied upon for a reversal of such judgment; and such injunction may be pleaded in bar in the appellate court.

Error to the Gentry Circuit Court.—*Hon. C. A. Anthony,* Judge.

AFFIRMED.

*Patton & Forbis* for plaintiff in error.

Our contention is that plaintiff in error can not be held to pay any part of the indebtedness incurred by Francis M. Setzer, before Setzer assigned plaintiff in error his interest in the trust estate. This was Setzer's debt and defendant in error must recover it from him. "No action shall be brought to charge any * * * person upon any special promise to answer for the debt, default or miscarriage of another person, * *. * unless the agreement upon which the action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged. therewith, or some other person by him thereto lawfully

authorized." R. S. 1889. sec. 5186. Again we contend that the expenses incurred in relation to the land must be paid out of the proceeds derived from the sale of the land before any part thereof can be applied to the payment of the indebtedness incurred by the trustee in the prosecution of a lawsuit in relation to other property.

*Peery & Lyons, C. H. S. Goodman* and *J. L. McCullough* for defendants in error.

(1) The granting of the injunction against the judgment, on the application of plaintiff, operated as a release of all errors in the judgment prayed to be enjoined, and plaintiff can not now maintain this writ of error. R. S. 1889, sec. 5497; Chouteau v. Douchouquette, 1 Mo. 715; Moss v. Craft, 10 Mo. 720; Price v. Johnson Co., 15 Mo. 433; Hazeltine v. Reusch, 51 Mo. 50; Cabanne v. Spaulding, 14 Mo. App. loc. cit. 314; McFarland v. Rogers, 1 Wis. 392; Millar v. Farrar, 2 Blackf. (Ind.) 219; 7 Am. and Eng. Ency. P. & P., pp. 870, 871; 1 High on Inj. (2 Ed.), secs. 128, 129. (2) And such release of errors may be pleaded in the appellate court in bar of the writ of error, though the injunction was dissolved on final hearing. Chouteau v. Douchouquette, 1 Mo. 715; McFarland v. Rogers, 1 Wis. 392; Millar v. Farrar, 2 Blackf. (Ind.) 219.

ELLISON, J.—The following is a sufficient statement of the controversy between the parties for the point of decision:

The judgment from which this writ of error is prosecuted was the result of a suit in equity, brought by one Thomas Stigall and the plaintiff, as well as other creditors, of one Hervy M. Cranor, against the defendants herein as trustees, for an accounting and a settlement of the trust estate. The defendant Samuel W. Clark answered, admit-

ting the trust, and rendering an account and pleading a counterclaim for expenditures and disbursements in and about the trust property. The cause was heard by the court and a finding made in favor of defendant Samuel W. Clark for $4,207.49 against the plaintiffs severally, in proportion to their respective interests in the trust property, the amount thus adjudged against this plaintiff in error being $697.51.

No motion for new trial or in arrest of judgment was filed, nor were any exceptions or the evidence preserved. This judgment was rendered on the twentieth day of September, 1898. Afterward an execution was taken out on the judgment against the plaintiff herein, and before the return thereof, the plaintiff on the second day of January, 1899, filed in the Gentry Circuit Court his bill in equity against the defendants and the sheriff of said county, praying for a temporary injunction against the collection of the judgment, and that upon final hearing said injunction might be made perpetual. Afterward an amended petition was filed in said cause, and an injunction bond presented to said court in term time, and a temporary injunction against the collection of said judgment was granted.

Thereafter a trial was had of said injunction suit, and the court, after hearing the evidence, found the issues for the defendants and dismissed the bill and dissolved the temporary injunction. No motion for new trial or in arrest was filed, and no appeal or writ of error was taken.

After the rendition of this last judgment in the injunction proceeding, the plaintiff in error sued out of this court this writ of error on the original judgment in the case of Stigall et al. v. Clark et al.

The defendants in error, under stipulation, on January 3, 1900, filed in this court their plea to the writ of error, alleging the institution and prosecution of said injunction proceedings, together with a complete exemplification of the

McKenny v. Clark.

record in said cause. The contention of the defendant in error is:

"That the injunction sued out by plaintiff against said judgment operates as a release of all errors (if any there were) in the judgment sought to be enjoined, and estops and precludes him from thereafter maintaining a writ of error on the same judgment."

1. In our opinion, the position thus taken by the defendant in error is sound and is sustained by authority. Suing out the injunction was a release of all errors herein which could have been relied upon for a reversal of the judgment. Our statute (sec. 5497, R. S. 1889), is: "Every such injunction shall operate as a release of all errors in the proceedings that are prayed to be enjoined." Chouteau v. Douchouquette, 1 Mo. 715; Moss v. Craft, 10 Mo. 720; Price v. Johnson Co., 15 Mo. 433; Hazeltine v. Reusch, 51 Mo. 50; Cabanne v. Spaulding, 14 Mo. App. loc. cit. 314; McFarland v. Rogers, 1 Wis. 452; Millar v. Farrar, 2 Blackf. (Ind.), 219; 1 High on Inj. (2 Ed.), secs. 128, 129.

2. And the plea in bar of such writ of error thus sued out may be made in the appellate court. Chouteau v. Douchouquette, 1 Mo. 715; McFarland v. Rogers, 1 Wis. 452; Millar v. Farrar, 2 Blackf. (Ind.) 219.

It follows that the judgment herein should be affirmed. *Smith, P. J.*, concurs; *Gill, J.*, absent.