*Gordon & Beal*, for appellants.

---

## MITCHELL'S Administrator *v.* GRAY and Another.

A personal judgment or decree is void, unless the Court rendering the same has acquired jurisdiction over the person of the defendant, as well as the subject-matter.

Notice by publication before the code, was not sufficient to give the Court jurisdiction to render a judgment or decree *in personam.*

APPEAL from the *Jefferson* Circuit Court.

WORDEN, J.—In *April,* 1841, *James B. Mitchell* filed his bill in chancery in the *Jefferson* Circuit Court, against *William Gray* and his wife, to foreclose a mortgage executed by *Gray* and wife to the complainant, on land situated in *Jefferson* county. In that suit process was served upon *Gray* and wife. That suit, however, afterwards abated by the death of *Mitchell*, no steps having been taken, or appearance entered, by the defendants in the cause. Afterwards, in 1843, *Phillips & Pitcher*, administrators *de bonis non* of the estate of *Mitchell*, filed their bill of revivor in the cause. In this suit process was returned "not found" as to *Gray*, and publication was ordered as to him. Afterwards, publication having been proved, a decree was taken against the defendant as confessed.

The amount found due the plaintiffs therein was 4,331 dollars. It was ordered that the mortgaged premises be sold to satisfy the debt, and "that for the balance which shall remain due after sale of said premises, and the application of the pro-ceeds thereof towards the payment of the amount of this de-cree, this decree shall stand for, and be as a judgment at law, upon which execution of *fieri facias, venditioni exponas,* or other necessary writ of execution, may issue for satisfaction of this decree, and proceedings to enforce payment of such balance be in all things the same as upon execution at law." The mortgaged premises were afterwards sold, leaving an unpaid balance upon the decree.

The case before us is a written motion, under the provision of section 406, 2 R. S. 1852, p. 125, for leave to issue execution on the decree to collect the unpaid balance. The de-fendant answered, "that at the time of the institution of the said supposed action, in which it is alleged that said plaintiffs recovered the said judgment, this defendant was not served with process in the action, nor at any time afterwards was he so served with process therein; that he had not any notice of the pendency thereof; that he did not appear thereto; that during the pendency, and before and at the commencement thereof, he did not reside within the jurisdiction of the said Court; that the said supposed judgment was rendered upon the complaint of said plaintiffs to foreclose a mortgage, and that the money therein specified was not evidenced, or secured to be paid by any other writing or instrument than said mortgage itself. Wherefore," &c.

To this answer the plaintiffs demurred; but the Court over-ruled the demurrer, exception being duly taken, and the plaintiffs declining to reply, judgment was rendered for the defendant.

Whether the ruling of the Court on the demurrer was cor-

Mitchell's Adm'r *v.* Gray and Another.

rect, is the only question here, and we are of opinion that that ruling was correct.

We pass over the point that the debt specified "was not evidenced or secured to be paid by any other writing or instrument than the mortgage itself," but may remark that if the personal decree against the defendant was rendered without any sufficient basis, still, if the Court had jurisdiction of the parties and the subject-matter, the decree in that respect would not probably be regarded as void, but simply erroneous.

But we are of opinion that the Court had no jurisdiction over the defendant for the purpose of rendering a personal judgment or decree against him. We have been cited to several statutes authorizing defendants to a bill in chancery in certain cases, to be brought in by publication. For the purpose of a decree *in rem*, a decree of foreclosure merely, publication against a non-resident was undoubtedly sufficient. But, in our judgment, such publication was not sufficient to give the Court jurisdiction to render a judgment or decree *in personam*. The decree, in this case of foreclosure, is undoubtedly correct, but the personal judgment against the defendant for the residue after the sale of the mortgaged premises, is void for want of jurisdiction over the defendant. The decree for such residue stands upon no different footing, in this respect, from what it would had there been no foreclosure, but a simple decree or judgment for the debt.

It is well settled, that a personal judgment or decree is void, unless the Court rendering it has acquired jurisdiction over the person of the defendant, as well as the subject-matter. See *Westcott* v. *Brown*, 13 Ind. 83, and cases there cited. 2 Am. Lead. Ca. 4 ed. 797.

*Per Curiam.*—The judgment below is affirmed, with costs.

*John R. Cravens* and *Jeremiah Sullivan*, for appellants.

*C. E. Walker, Geo. W. Richardson* and *H. W. Harrington*, for appellees.