No. 8289.

THE STATE, EX REL. KOLB, *v.* ENNIS ET AL.

JURISDICTION.—*Personal Judgment.*—A personal judgment is void, if the court have no jurisdiction of the person.

SAME.—*Domestic Judgments.*—*Presumption.*—Where domestic judgments of courts of general jurisdiction are called in question collaterally, jurisdiction of the person will be presumed, in the absence of proof in the record to the contrary.

SAME.—*Want of Jurisdiction.*—*Complaint.*—*Demurrer.*—*Answer.*—If want

of jurisdiction be apparent on the face of a complaint, it will be bad on demurrer; but when not apparent it may be shown by answer.

SAME.—*How Acquired.*—Jurisdiction of the person can be acquired only by service of process, or by appearance, and on appeal it must be affirmatively shown by the record that the process was duly served, or that the defendant appeared.

CROSS COMPLAINT.—*Notice.*—Notice of a cross complaint must be served on the defendants thereto to give a judgment thereon any validity.

From the Gibson Circuit Court.

*C. A. Buskirk* and *D. D. Doughty*, for appellant.
*J. E. McCullough* and *L. C. Embree*, for appellees.

BICKNELL, C.—This was a complaint for review under article 28 of the practice act. The proceeding sought to be reviewed was an action by the appellant against Jacob G. Vail and the appellees, on a sheriff's bond. Jacob G. Vail was the sheriff ; his co-defendants were his sureties.

The breach alleged was that the sheriff had three executions, one in favor of The Peoples National Bank against Hargrove, Trippett, Sterne and the plaintiff's relator ; another in favor of Welborn, receiver, etc., and against Hargrove and Trippett, and another in favor of Nancy Devin against Hargrove, Trippett and Sterne ; that the first and third of these came to the sheriff's hands at the same time, and the second three days afterward ; that, in the suit in which said first mentioned execution was issued, the defendants Sterne and the plaintiff's relator appeared and filed an answer in denial, and also filed a cross complaint against their co-defendants Hargrove and Trippett, alleging that, in the contract sued on, said Sterne and the plaintiff's relator were merely sureties for Hargrove and Trippett ; that Hargrove and Trippett failed to appear in said suit, and were defaulted as to the complaint, and also as to the cross complaint ; that the issues were tried by the court, who found for the plaintiff against all the defendants, and also found for Sterne and the plaintiff's relator on the question of

The State, *ex rel.* Kolb, *v.* Ennis *et al.*

suretyship, and rendered judgment in favor of plaintiff against all the defendants, and also rendered judgment that the sheriff, in any execution upon such judgment, should first levy upon and exhaust the property of Hargrove and Trippett before levying upon the property of Sterne and the plaintiff's relator; that upon said first mentioned execution there was a memorandum, signed by the clerk of the court, as follows: "This writ is first to be levied upon the property of Hargrove and Trippett and the same exhausted before a levy be made on the property of Sterne and Kolb;" that the sheriff, on the 21st of August, 1876, levied the second and third of said executions, upon property of Hargrove and Trippett, and afterward realized therefrom, by sale, fourteen hundred dollars, but made no levy of said first mentioned execution, in which Sterne and the plaintiff's relator were sureties, and returned the same unsatisfied on the 8th of June, 1877; that the sheriff was never directed by the plaintiff in said first mentioned execution not to levy the same, and that he held the same in his hands without levying "until said property of Hargrove and Trippett was wasted and wholly lost to the plaintiff in said execution;" that, after said first mentioned execution was returned unsatisfied, an *alias* execution was issued, with like memorandum thereon, signed by the clerk, as was upon said first mentioned execution, and that said sheriff, pretending that all the property of said Hargrove and Trippett had been exhausted, demanded of said plaintiff's relator payment of said *alias* execution, and threatened to levy the same upon his property; that, in order to prevent such levy, the plaintiff's relator was compelled to pay to said sheriff eleven hundred dollars, whereby an action has accrued, etc. The action on the sheriff's bond was tried by the court upon the complaint assigning the foregoing breach, the general denial, a third paragraph of answer, and the plaintiff's reply thereto in denial. The third paragraph of the answer alleged, in sub-

stance, that the court had no jurisdiction to determine the question of suretyship, because, although there was a cross complaint filed by Sterne and the plaintiff's relator, against Hargrove and Trippett, alleging suretyship, yet there was no summons issued upon said cross complaint, and that Hargrove and Trippett did not appear to said cross complaint,. and did not appear in the original action, but were defaulted therein, and were not, nor was either of them, present in court when said cross complaint was filed, or when said judgment of suretyship was rendered. Upon the foregoing issues the court found for the defendants. A motion for a new trial was overruled, and judgment was rendered for defendants.

The proceedings in the suit upon the bond are set forth in the complaint for review, and a bill of exceptions presents all the evidence.

The court below sustained a demurrer to the complaint for review, and rendered judgment against the appellant.

The only error assigned here is that the court below erred in sustaining said demurrer. The plaintiff's relator being one of the defendants in the suit in which the execution of the Peoples National Bank was issued, the alleged misconduct of the sheriff worked no injury to him, unless he had been properly adjudged to be a surety, as alleged in his original complaint.

A personal judgment is void if the court have no jurisdiction of the person. *Mitchell's Adm'r* v. *Gray*, 18 Ind. 123.

In case of domestic judgments of courts of general jurisdiction, collaterally in question, jurisdiction of the person will be presumed, where the record discloses nothing on the point, in the absence of proof to the contrary. *Waltz* v. *Borroway*, 25 Ind. 380.

If want of jurisdiction be apparent on the face of a complaint, the complaint will be bad upon demurrer. Practice act, sec. 50.

Want of jurisdiction not apparent on the face of the com-

plaint may be shown by answer. *Brownfield* v. *Weicht*, 9 Ind. 394.

Jurisdiction of the person can be acquired only by service of process, or by appearance, and on appeal it must be affirmatively shown by the record, that the process was duly served, or that the defendant appeared. *Hawkins* v. *Hawkins' Adm'r*, 28 Ind. 66.

In the action on the bond, the evidence fully sustained the averments of the third paragraph of the answer.

The court therefore had no jurisdiction to inquire into the question of suretyship between the plaintiff's relator and Hargrove and Trippett, and no jurisdiction to render any judgment on that subject. This question was fully considered by this court in *Joyce* v. *Whitney*, 57 Ind. 550, where it was held that a judgment so obtained, without notice to the defendants of the cross complaint, was of no validity for any purpose whatever.

The finding and judgment for defendants in the proceeding sought to be reviewed were right; the demurrer to the complaint for review was rightly sustained. The judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be, and the same is hereby, in all things affirmed, at the costs of the appellant.