No. 7855.

DOUCH v. BLISS.

PRINCIPAL AND SURETY.—*Judgment and Execution.*—*Duties and Liabilities of Sheriff.*—*Complaint.*—Where one of two or more judgment defendants sues the sheriff for neglect of duty, in failing to levy an execution, issued on such judgment, on the property of the principal defendant therein, claiming that he is a surety therein, he must allege in his complaint that the question of his suretyship in the judgment had been determined in his favor, in a proceeding for that purpose, and an order made by the proper court, that the sheriff should first levy upon and exhaust the property of the principal, before a levy should be made upon the property of the surety, and that a memorandum of such order was endorsed by the clerk on the execution. For the want of these allegations, such complaint is bad on demurrer, for insufficient facts.

SAME.—*Judgment by Default.*—*Jurisdiction.*—*Void Order.*—Where a judgment by default is rendered against two or more defendants upon a cause of action, which does not show that the relation of principal and surety exists between them, and the question of suretyship is not tried and determined, an order of the court, that the property of one of the defendants be first levied upon and sold, is void for any purpose for want of jurisdiction, either of the subject-matter or of the parties.

PLEADING.—*Answer.*—Each paragraph of answer must state facts sufficient to constitute a defence to the entire complaint, or to so much thereof as it purports to answer, or it will be held bad on demurrer, for the want of facts.

PRACTICE.—*New Trial.*—*Excessive Damages.*—No question is presented to the Supreme Court in relation to the amount of the judgment, when it appears that the complaining party has not assigned as cause for a new trial, in his motion therefor, either excessive damages or error in the assessment of the amount of recovery.

From the Lake Circuit Court.

Douch *v.* Bliss.

*A. L. Jones, M. L. DeMotte* and *J. B. Peterson*, for appellant.

*A. B. Young*, for appellee.

HOWK, J.—This was a suit by the appellee against the appellant, in a complaint of a single paragraph. The appellant's demurrer to the complaint, for the alleged insufficiency of the facts therein to constitute a cause of action, was overruled by the court, and his exception was duly saved to this ruling. He then answered in two paragraphs, of which the first was a general denial, and the second paragraph stated affirmative matters, by way of defence. The appellee's demurrer, for the want of facts, to the second paragraph of answer, was sustained by the court, and to this decision appellant excepted. The issues joined were tried by the court, and a finding was made for the appellee in the sum of $385, and judgment was rendered accordingly.

The appellant's motion for a new trial having been overruled, and his exception saved to this ruling, he appealed from the judgment below to this court.

He has here assigned, as errors, the following decisions of the circuit court:

1. In overruling his demurrer to the complaint;

2. In sustaining appellee's demurrer to the second paragraph of his answer;

3. In overruling his motion for a new trial; and,

4. In rendering judgment, at the April term, 1878, of the court, when it appeared that the cause had been discontinued at the September term, 1877, of the court.

In his complaint, the appellee alleged, in substance, that, on September 7th, 1875, one John Brown, Jr., recovered a judgment in the court below, against one Miles Williams, as the principal debtor, and the appellee as his surety, for the sum of $375.75, and for $20 attorneys' fees, and the costs of suit; that the judgment was rendered upon a promissory note, which the appellee had signed, as surety, wholly for the ac-

commodation of said Williams; that, on October 8th, 1875, the said Brown caused an execution to be issued on his judgment against the property of said Williams and the appellee, and directed and delivered to the appellant, then the sheriff of Lake county; that, by virtue of said execution, the appellant, then sheriff, levied on certain real estate of said Williams, and duly advertised and sold the same, on April 1st, 1876, for one dollar, and returned said execution unsatisfied; that afterwards, on the last named day, the said Brown caused an *alias* execution to issue on said judgment, against the property of said Williams and the appellee, directed and delivered to the appellant, then the sheriff of said county, in which execution it appeared that the appellee was surety for the said Williams; that, at the time of the issue and delivery of said execution, the said Williams had a large number of fattened beef cattle, which were subject to said execution, and which the appellee demanded should be levied on under said writ; that, on April 3d, 1876, the appellant, then sheriff, levied said execution on eighty acres of land, as the property of said Williams, and advertised and sold the same, on July 17th, 1876, for the sum of one dollar; that thereupon, without authority and without any order from the said Brown, Jr., or from any other person with his authority, the appellant returned said execution unsatisfied; that during said time, from April 1st to July 17th, 1876, the said Williams held said fattened beef cattle, which were subject to said execution, and of the value of $1,000; that the appellant was requested, both by the judgment plaintiff and the appellee, to proceed immediately to levy on the goods and chattels of said Williams, and was notified then and repeatedly thereafter up to his return of said execution, that the land levied on was encumbered with judgments and mortgages, and would not sell for anything, which fact he well knew; and that, notwithstanding such notice and demands, the appellant refused and neglected to levy said execution on the goods and chattels of said Williams. And the appellee further said that afterwards, on October 23d,

1876, the said Brown, Jr., caused an *alias* execution to issue on his said judgment against the property of the said Williams and the appellee as surety of said Williams, directed and delivered to appellant, then sheriff of said county, who, on the next day, levied on nineteen acres of land of the said Williams, and thereupon entered this endorsement upon said execution: "The above property levied upon being insufficient to pay the within debt, and the within named Miles Williams having refused to turn out any more property, I have this 28th day of October, 1876, and several other times, made diligent search and inquiry for property, belonging to said Miles Williams, whereupon to levy this execution, and I can find none whatever, subject to execution; and, therefore, I have, this 28th day of October, 1876, levied upon the following described real estate, to wit:" (here follows description); that this last described real estate was taken as the appellee's property; that the same was duly advertised for sale, and, on the 25th day of November, 1876, the said property of said Williams was sold for one dollar, and the execution was returned unsatisfied; that, on January 26th, 1877, the appellee paid said judgment, interest, costs and attorneys' fees, amounting to $500; that, by reason of the neglect and refusal of appellant, then sheriff, to levy on said property of said Williams, the appellee, as such surety, was obliged to pay, and did pay, the said judgment, interest and costs, and had been wholly deprived thereby of the means of obtaining the money so paid by him, or any part thereof, from the said Williams; and that, from the date of the return of said execution until the commencement of this action, the said Williams had been wholly insolvent. Wherefore, etc.

The only objection urged by the appellant's counsel to the sufficiency of this complaint is, that it does not allege that the question of suretyship, as between the appellee and the said Miles Williams, had been tried and determined in the manner provided for, in sections 674 and 675 of the code of 1852. These sections were re-enacted as sections 738 and 739 of the

code of 1881, and are sections 1212 and 1213 of R. S. 1881. Upon this point the allegation of the complaint is, " that said judgment was rendered against the said Williams as principal debtor, and against the said Bliss as his surety." It was not alleged in the complaint, that, in rendering said judgment, the court made "an order directing the sheriff to levy the execution first upon and exhaust the property of the principal, before a levy shall be made upon the property of the surety," as required by section 675 of the code of 1852. Nor was it alleged in the complaint that the clerk endorsed a memorandum of any such order, on any of the executions mentioned therein, as was imperatively required by said section 675 of the code of 1852. Nor was it alleged, even, in the complaint, that the appellant had knowledge or notice of any kind, of the suretyship of the appellee for said Miles Williams, during the time any of the executions issued on said judgment were in his hands to be executed. It may well be doubted, as it seems to us, if the appellant, as sheriff, incurred any liability for his alleged failure and refusal to levy any of the executions described in the complaint, first upon and to exhaust the property of Williams, before a levy was made upon the appellee's property, unless the proper order, directing the sheriff to levy the execution first upon and exhaust the property of said Williams, before a levy should be made upon appellee's property, was duly made by the court rendering the judgment, and unless the clerk had endorsed a memorandum of such order on the execution. *Boys* v. *Simmons,* 72 Ind. 593.

In this case, we are of the opinion that the appellee's complaint was bad on the demurrer thereto, for the want of sufficient facts, because it failed to allege that the proper order, directing the sheriff to levy the execution first upon and exhaust the property of Williams, before a levy should be made on appellee's property, was duly made by the proper court, or that the clerk had endorsed a memorandum of such order on the executions described in such complaint.

The court did not err, we think, in sustaining the demurrer

to the second paragraph of answer. This paragraph was clearly bad, on the demurrer thereto for the want of facts, in this, that, while it purported on its face to be an answer to the entire complaint, it was entirely silent in regard to those allegations of fact which constituted the gist of appellee's cause of action. It is well settled by the decisions of this court, that each paragraph of answer must fully answer the entire complaint, or so much thereof as it purports to answer, or it must be held bad on a demurrer thereto for the want of sufficient facts. *Smith* v. *Little*, 67 Ind. 549.; *Frazee* v. *Frazee*, 70 Ind. 411; *Lash* v. *Rendell*, 72 Ind. 475.

The causes for a new trial, assigned by the appellant, were that the finding of the court was not sustained by sufficient evidence, and that it was contrary to law. It seems to us, that there is no sufficient evidence in the record, tending even to sustain the finding of the court. The burthen of the issues in the cause was on the appellee, and it devolved on him to establish the material averments of his complaint by a fair preponderance of competent evidence. The fundamental fact alleged by appellee, in stating his cause of action, was this: that the judgment, described in his complaint, had been rendered against Miles Williams, as the principal debtor, and against the appellee, as his surety. This alleged fact was denied by the appellant, and, therefore, it was incumbent on the appellee to establish this fact by competent evidence. To prove this fact, the only competent or, at least, the best evidence was the record of the judgment, which was given in evidence by the appellee on the trial of the cause. We are of the opinion, that the record of the judgment, so put in evidence by the appellee, did not prove nor tend to prove that the court had tried and determined "the question of suretyship," and had judicially declared that Williams was the principal debtor, and the appellee his surety, in the debt for which the judgment was rendered.

It appeared from this record, that the suit was brought upon

the joint note of Miles Williams and the appellee, Bliss, with nothing in or on the note, or in the complaint thereon, to indicate that the relation of principal and surety existed between such joint makers. The judgment was rendered by default against both the makers of the note; and the appellee did not, "upon a written complaint to the court, cause the question of suretyship to be tried and determined, upon the issue made by the parties." Nor was there a "finding upon such issue," in favor of the appellee, as surety; nor did the court, pursuant to such finding, "make an order directing the sheriff to levy the execution first upon and exhaust the property" of Williams, before a levy should be made upon the property of the appellee. The record put in evidence showed that both the makers of the note made default; that the cause was then tried by the court, and that a finding was made for the plaintiff, in a certain sum of money. Upon this finding, the court rendered judgment for the amount found due, and attorneys' fees and costs. Immediately following the judgment, and apparently intended as a part of it, was the following entry: "And it appearing that defendant Bliss is surety, it is ordered that the property of the defendant Williams be first levied upon and sold."

It does not appear, from the terms of this order, that it was made by the court; but, assuming that it was so made, we are of the opinion that the court had no jurisdiction, either of the subject of the order, or of the parties thereto, at the time it was made. It follows, therefore, that this order was wholly unauthorized by law, and was and is of no validity whatever for any purpose, not even for the purpose of evidence. *Fletcher* v. *Holmes*, 25 Ind. 458; *Joyce* v. *Whitney*, 57 Ind. 550; *The State, ex rel. Kolb,* v. *Ennis*, 74 Ind. 17. The case last cited was very similar to the case now under consideration. The principal point of difference between the two cases is, that in the former case the surety had filed a complaint against the principal debtors, who had made default in the original action, to try the question of suretyship, but no process had been is-

sued or served upon such complaint; while, in the case at bar, no such complaint had been filed, and the court had assumed to determine the question of suretyship without pleadings or process, and apparently without notice of any kind to either of the parties. In the case cited, it was held that "The court, therefore, had no jurisdiction to inquire into the question of suretyship, * * * and no jurisdiction to render any judgment on that subject." A fortiori, it must be held, in the case now under consideration, that the court had no jurisdiction of the question of suretyship, at the time the order above quoted was made, or of the parties affected by such order.

A rather curious feature of this case is, that, although the payee and each of the makers of the note were witnesses, there was no evidence offered or given on the trial tending to prove that the appellee, Bliss, was in fact the surety of Miles Williams in such note; or that the appellant was notified of such fact by them, or either of them.

The appellant's counsel also claim, that the finding of the court in appellee's favor was not sustained by sufficient evidence, because it was shown by uncontradicted evidence, that at the time Miles Williams held the fattened beef cattle mentioned in the complaint, the appellant, as sheriff, had in his hands other executions against Williams, which amounted in the aggregate to a sum in excess of the value of the cattle, and were liens thereon prior to the lien of Brown's execution against Williams and the appellee. Doubtless, this latter evidence tended to prove, that, at most, the appellee could recover no larger sum than merely nominal damages; but the appellant did not, in his motion for a new trial, assign such causes therefor as would present for decision any question in relation to excessive damages, or to the error of the court in the assessment of the amount of recovery. It is well settled, that the causes for a new trial, assigned by appellant in this case, will present no question in relation to excessive damages or the amount of recovery, for the decision either of the court below or of this court. Spurrier v. Briggs, 17 Ind. 529;

*Floyd* v. *Maddux*, 68 Ind. 124; *Hyatt* v. *Mattingly*, 68 Ind. 271; *Warner* v. *Curran*, 75 Ind. 309.

We think, however, that the motion for a new trial, for the causes assigned therein, ought to have been sustained by the court.

The judgment is reversed, at appellee's costs, and the cause is remanded, with instructions to sustain the demurrer to the complaint, and for further proceedings not inconsistent with this opinion.