Bliss *v.* Douch.

No. 11,221.

BLISS *v.* DOUCH.

PRINCIPAL AND SURETY.— *Execution.*— *Exhausting Principal's Property.*— *Duty of Sheriff.*—*Action Against for Damages.*—*Complaint.*—A complaint by a surety in an execution against a sheriff, to recover damages for the latter's failure to first levy upon and exhaust the property of the principal, must show by proper averments that the plaintiff had caused the question of suretyship to be tried and determined as provided in section 1212, R. S. 1881, and had procured an order to be made, as provided in section 1213, that the principal's property should be first exhausted.

SAME.—*Notice to Sheriff.*—*Personal Knowledge.*—Mere personal knowledge of the sheriff, or personal notice to him, of the fact of suretyship, is not sufficient to charge him with the duty of first levying upon and exhausting the property of the principal before levying upon the property of the surety.

From the Lake Circuit Court.

*M. Wood* and *T. J. Wood,* for appellant.

*A. L. Jones* and *F. P. Jones,* for appellee.

HOWK, J.—In this case, appellant Bliss, the plaintiff below, has assigned upon the record the following errors, namely:

1. The court below erred in sustaining appellee's demurrer to appellant's amended complaint;

" 2. There was no legal and competent judge chosen to hear and determine this cause; and,

" 3. The judge chosen by the court to try this cause was not legally chosen, nor duly appointed."

1. This case is now before this court for the second time. Our opinion and decision on the former appeal herein are reported under the title of *Douch* v. *Bliss,* 80 Ind. 316. The judgment below was then reversed, and the cause was remanded, with instructions to sustain the demurrer of Douch to the complaint of Bliss, the plaintiff herein. After the cause was returned to the court below, the demurrer of Douch, in compliance with the mandate of this court, was sustained to the complaint. Afterwards, Bliss filed an amended complaint, to which Douch again demurred upon

the ground that it did not state facts sufficient to constitute a cause of action. This demurrer was sustained by the court below, and the appellant Bliss declining to amend further, judgment was rendered that he take nothing by his suit herein, and that appellee Douch recover of him all his costs in this action expended.

In our opinion, in *Douch* v. *Bliss, supra,* on the former appeal of this cause, will be found a full summary of the original complaint of appellant Bliss against appellee Douch, which complaint we then held to be bad on the demurrer thereto for the want of sufficient facts. We then and there held that, where one of two or more judgment defendants sues the sheriff for neglect of duty, in failing to levy an execution, issued on such judgment, on the property of the principal defendant, claiming that he is a surety in the judgment, he must allege in his complaint that the question of his suretyship in such judgment had been determined in his favor, in a proceeding for that purpose, and an order made by the proper court that the sheriff should first levy upon and exhaust the property of the principal before a levy should be made upon the property of the surety, and that a memorandum of such order was endorsed by the clerk on such execution. For the want of these allegations, it was further held on the former appeal herein, that the original complaint of appellant Bliss was bad on demurrer for insufficient facts.

When an amended complaint was filed by appellant Bliss, after the cause was returned into the court below, he did not supply or attempt to supply therein the allegations of fact, for the want of which we held, on the former appeal herein, his original complaint was bad on the demurrer thereto. The only averments in such amended complaint which are not found in the original complaint, the substance of which we have given in our opinion in *Douch* v. *Bliss, supra,* are the following: "And that the defendant, John Douch, well knew that the plaintiff, Henry G. Bliss, was the surety of the said

Miles Williams on the note upon which said judgment was rendered, and surety for him on the said judgment; and that the parties to said note and the said judgment notified said John Douch that Henry G. Bliss was surety on said note and judgment aforesaid; all of which, aforesaid, he well knew, and said notice had, when he had the execution hereinafter stated."

The question for our decision, in the pending appeal of this cause, and the only question as it seems to us, may be thus stated: Are the averments last quoted, from the amended complaint, sufficient in law to supply or take the place of those allegations of fact for the want of which it was held, on the former appeal, that the original complaint herein was bad on the demurrer thereto? We are of opinion that this question must be answered in the negative. It can not be held that the personal knowledge of the sheriff, or personal notice to him by the parties to an execution, of the fact of the suretyship of one or more of such parties, will impose on the sheriff the same duties, or subject him to the same responsibilities and liabilities, in regard to the levy and collection of such execution, as would an order of the proper court, in a proceeding by the surety for that purpose, and an endorsement by the clerk of a memorandum of such order on the execution, as provided in sections 1212 and 1213, R. S. 1881. If personal knowledge of the sheriff, or personal notice to him, of the fact of suretyship, were sufficient to charge the sheriff with the duty of levying an execution first upon and exhausting the property of the principal before a levy could be made upon the property of the surety, then it would have to be said that sections 1212 and 1213, *supra*, merely prescribed idle and unnecessary forms, and their enactment was a waste of time. See, also, section 780, R. S. 1881.

We are of opinion, however, that before a surety in an execution can claim that the sheriff is liable to him in damages for his failure or neglect to levy such execution first upon and exhaust the property of the principal therein, he must

show by proper averment that he had caused "the question of suretyship to be tried and determined," as provided in section 1212, *supra,* and had procured an order to be made, as provided for in section 1213, *supra.* This is substantially what we decided in *Douch* v. *Bliss, supra,* on the former appeal herein, and we adhere to that decision. *State, ex rel.,* v. *Ennis,* 74 Ind. 17.

Our conclusion is, that no error was committed by the court in sustaining appellee's demurrer to appellant's amended complaint herein.

The other errors assigned by appellant are not shown by the record, and are not discussed by his counsel. We do not consider such other errors.

The judgment is affirmed, with costs.

Filed April 6, 1887.