# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1891, IN THE SEV-
ENTY-SIXTH YEAR OF THE STATE.

---

### No. 385.

### THE STATE, EX REL. LEE, *v.* WANEE, ADMINISTRATOR, ET AL.

JUSTICE OF PEACE.—*Void Judgment.—Failure of Justice to Sign.—Breach of Official Duty.*—A purported judgment rendered by a justice of the peace is void where he fails to sign his name to such judgment. His failure to do so constitutes a breach of official duty.

SAME.—*Void Judgment of Suretyship.—Right of Action by Surety on Official Bond.—Complaint.—Insufficiency of.*—A complaint was filed before a justice of the peace on a promissory note. The complaint averred that the defendant S. was principal on said note, and that the defendant L. was surety thereon, but there was nothing contained in the complaint by which it appeared on the face of the note that L. was surety. A default was taken against S., and without any complaint of suretyship or paper of any kind being filed, and without summons or notice to S. to answer the complaint, but in S.'s absence, and without his knowledge, the justice proceeded to try the question of suretyship, and found that S. was the maker of said note and L. surety thereon. Judgment was rendered accordingly, but the justice failed to sign the judgment. L. paid it and instituted suit against the justice and his sureties on the official bond. He averred the foregoing facts in his complaint, and in addition thereto alleged that the levy upon S.'s property was released by order

The State, *ex rel.* Lee, *v.* Wanee, Administrator, *et al.*

of the plaintiff because of the want of a judgment to support the execution; that at the time and for more than fifteen days after the rendition of said judgment S. owned sufficient property in the bailiwick of the constable out of which the judgment could have been made; that the plaintiff remained ignorant that the judgment was void until a long time after S. had absconded from the State, taking his property with him or disposing of it; and that thereupon the plaintiff paid said judgment in full.

*Held,* that such payment did not furnish L. a good cause of action on the justice's official bond, for the reason that the judgment of the justice on the question of suretyship was without validity, and even if the justice had signed the judgment his attempted adjudication of the question of suretyship would have been without force or effect.

*Held,* also, that if L. desired a judgment of suretyship in his favor against S. it was his duty to have adopted the procedure required by sections 1212 and 1213, R. S. 1881, and having failed to do so, he can not be heard to say that he was damaged by a failure of the justice to render up and sign a void judgment of suretyship in his favor against S.

From the Shelby Circuit Court.

*K. M. Hord* and *E. K. Adams,* for appellant.

*B. F. Love, H. C. Morrison, T. B. Adams* and *I. Carter,* for appellees.

ROBINSON, C. J.—This suit was commenced by the appellant on the official bond of Thomas Benyon, deceased, executed by said Benyon and his sureties, conditioned for the performance of the official duties of said Benyon as a justice of the peace.

The administrator of the estate of Benyon and the sureties on the bond filed separate demurrers to the complaint, which were sustained, and exception saved.

The rulings on these demurrers constitute the assignment of error.

The complaint, after alleging the election of Benyon to the office of justice of the peace, the execution of his official bond and his acceptance of the office, alleges that the relator, as surety, and one John Slater as principal, executed to Samuel Hamilton their note for seventy dollars, with eight per cent. interest after maturity, and attorney's fees, due

ninety days after date; that afterwards, while said Benyon was such justice of the peace, said Hamilton, at the instance of the relator, filed in the office of said Benyon as such justice, a complaint on said note against said Slater and Lee, alleging, among other things, that said Lee was surety thereon and said Slater was principal, praying judgment, etc.; that a summons was issued thereon to a special constable, who served the same by reading to said Lee, and by copy on said Slater, and that the defendants were duly notified of the time said cause was set for trial; that at the hour of trial said justice proceeded with said cause, and after hearing the evidence, upon default of said Slater, that said Slater was principal and said Lee was surety, and the introduction of said note, made the following entry upon his docket, to wit: The complaint is then set out, showing said Slater was principal on said note and said Lee was surety. It is then shown that summons was served, etc.; that the surety appeared and the principal made default; that the justice then proceeded with the cause, and found said Slater was the maker of the note and said Lee surety thereon, and judgment was rendered accordingly, and by order of plaintiff's attorney execution was issued forthwith, and placed in the hands of the proper constable, with instructions to levy on and exhaust the property of the maker of said note before the property of the surety was levied on, etc.; that no other and different entry in said cause was made than as above set out; that said justice did not sign his name to said entry, but knowing the condition and tenor thereof, issued an execution on said entry and placed the same in the hands of said constable, and endorsed thereon that said Lee was surety and said Slater was principal, directing said constable to first exhaust the property of said Slater before he levied upon the property of said Lee to satisfy said execution; that said constable proceeded and levied said execution on the property of said Slater for an amount more than sufficient to satisfy said judgment, interest and costs; that said constable, by order of the plain-

tiff in said cause, released said levy upon said property, and released said execution, stating thereon that such release was made by reason of the want of a judgment to support said execution; that at the time, and for more than fifteen days after the rendition of said judgment, said Slater owned sufficient property within the bailiwick of said constable out of which to make said debt, interest and costs; that said relator was ignorant that said judgment was void until long after said Slater had absconded from the State of Indiana, and taken his property with him, or disposed of it; that thereafter said Lee paid said Hamilton the full amount of said note, interest and costs; that if said judgment had been valid, said debt could have been made off of the property of said Slater, and said Lee would not have been required to pay any part of said debt. The complaint alleges the death of Benyon and the appointment of Wanee as his administrator.

The foregoing constitute the material averments of facts in the complaint.

The parties to the action concur that the purported judgment rendered by the justice of the peace was void by reason of the justice failing to sign said judgment, and such is the law. "It is only by his record that the justice speaks. He may announce his conclusions, but until that conclusion is entered upon his docket and his signature affixed thereto there is no judgment." *Emery* v. *Royal*, 117 Ind. 299.

The failure of the justice of the peace to attach his signature to the judgment was a breach of official duty.

But although the judgment was void by reason of a breach of official duty of the justice in failing to sign it, does such fact aid the appellant in this action, and had the judgment as rendered been made valid by the justice attaching his signature thereto, would the complaint state facts sufficient to constitute a cause of action against the appellees? The note sued on was not made an exhibit in the complaint, neither the original nor a copy was filed therewith. The complaint

averred " that the defendant, John Slater, as principal, and T. H. Lee, as surety, executed and delivered to the plaintiff their note," but there was nothing contained in the complaint by which it appeared upon the face of the note that Lee was surety. A default was taken against Slater, and without any complaint of suretyship or paper of any kind being filed by Lee, without summons or notice to Slater to answer such complaint, but in Slater's absence and without his knowledge, the justice proceeded to try the question of suretyship, and found that John Slater was the maker and T. H. Lee was surety thereon, and rendered judgment that the property of the principal should be exhausted on execution before levying upon the property of the surety. The complaint is that the justice failed to render up in proper form and sign the same, a judgment adjudicating the suretyship between Slater and Lee on the note.

The question now arises had the justice signed the judgment with the finding of suretyship therein contained, and the relator having fully paid the judgment, interest and costs, could he maintain this action against the appellees on the bond by reason of the official breach of the justice in failing to attach his signature to the judgment.

Do the averments in the complaint show, had the judgment been signed by the justice, that he had any legal power under the pleadings in the case to adjudicate the question of suretyship between the relator and Slater? This question must be answered in the negative. There was no complaint filed by the relator against Slater to try and determine the question of relator's suretyship as provided by section 1212, R. S. 1881.

The judgment of the justice of the peace upon the question of suretyship was without validity, force or effect, and even though the justice had attached his signature to the judgment, and had issued execution under the finding of suretyship therein contained, directing the exhaustion of Slater's property before taking of the relator's property on the

writ, and the constable had proceeded and levied on the relator's property in the first instance and sold it and made the judgment, this would not have constituted a breach of the bond of Benyon as such justice, because the trial of the question of suretyship between the relator and Slater was void. This is expressly held in *State, ex rel.*, v. *Ennis*, 74 Ind. 17, and *Joyce* v. *Whitney*, 57 Ind. 550. In *Bliss* v. *Douch*, 110 Ind. 296, the court says : "We are of the opinion, however, that before a surety in an execution can claim that the sheriff is liable to him in damages for his failure or neglect to levy such execution first upon and exhaust the property of the principal therein, he must show by proper averments that he had caused 'the question of suretyship to be tried and determined' as provided in section 1212, *supra*, and had procured an order to be made, as provided for in section 1213, *supra*. This is substantially what we decided in *Douch* v. *Bliss*, *supra*, on the former appeal herein, and we adhere to that decision. *State, ex rel.*, v. *Ennis*, *supra*." It, therefore, seems clear under the averments in the complaint and the authorities cited, that had the justice of the peace done all the things the complaint charges that he omitted to do, and had properly attached his signature to the judgment, such judgment would not have given the relator, Lee, any of the rights in his complaint which charges that he was deprived of by the breach of the official duty of the justice of the peace in his omission of duty in relation to said judgment.

The relator was not damaged by the alleged omitted acts of the justice of the peace.

If the relator desired a judgment of suretyship in his favor against Slater in that proceeding, it was his duty to have adopted the procedure required by sections 1212 and 1213, *supra*, to have conferred upon the justice the jurisdiction to render such a judgment against Slater in his favor. It was his duty to have filed his complaint against Slater to try and determine the question of suretyship, and to have caused proper process to have been served on Slater to an-

swer, etc.; that after the relator failed to put it within the power of the justice of the peace to render a valid judgment of suretyship in his favor against Slater, he can not be heard to say that he has been damaged by the failure of the justice to formally render up and sign a void judgment of suretyship in his favor against Slater. In addition to the authorities cited as clearly sustaining the conclusion we have arrived at upon this question, see, also, *Hawkins* v. *Hawkins*, 28 Ind. 66; *Knopf* v. *Morel*, 111 Ind. 570; *Porter* v. *Waltz*, 108 Ind. 40; *Phillips* v. *Cox*, 61 Ind. 345.

We must therefore hold that the complaint failed to state facts sufficient to constitute a cause of action against the appellees, and that the demurrers were correctly sustained thereto.

The judgment is affirmed, with costs.

Filed Feb. 18, 1892.