TYLER ET AL. *v.* BOWLUS.

PLEADING.—*Suit upon Replevin Bond.—Presumption as to Jurisdiction of a Justice of the Peace.*—Where the penalty of a bond, executed in a suit before a justice of the peace to replevy personal property, does not exceed double the amount of which a justice has jurisdiction, but in a suit upon such bond the complaint avers that the reasonable value of the property replevied was a sum exceeding a justice's jurisdiction, the contrary not appearing it will be presumed that such justice had jurisdiction of the amount in controversy in such replevin suit as alleged in the affidavit for replevin.

SAME.—*Defence.— Want of Jurisdiction of Justice.—Must be Specially Pleaded.*—In such suit upon such bond, if the defence relied upon is that the value of the property replevied exceeded the jurisdiction of the justice in whose court such replevin suit was pending, such defence must be specially pleaded, where the same does not appear affirmatively from the proceedings of such justice.

PRACTICE.—*New Trial.—Causes for.*—Error of law of the court occurring *before* the trial of a cause, such as the overruling of a motion to dismiss the action, can not be assigned in a motion for a new trial as error of law of the court occurring *at* such trial.

From the Warren Circuit Court.

*L. T. Miller,* for appellants.

*J. M. Rabb* and *J. W. Sutton,* for appellee.

HOWK, J.—Appellee, as plaintiff, sued the appellants, as defendants, in the court below. In his complaint appellee alleged, in substance, that on December 22d, 1874, the appellant George C. Tyler had commenced an action against the appellee, before William L. Hamilton, a justice of the peace of Steuben township, in Warren county, Indiana, to recover from appellee the possession

of three hundred and twenty-eight bushels of corn, and that the appellant George C. Tyler filed with said justice his bond, with the appellant William R. Crumpton as his surety therein, payable to appellee in the penal sum of three hundred and twenty-five dollars, conditioned that he would prosecute his said complaint in replevin to effect, and return to appellee the said corn if a judgment of return should be awarded him, and to pay to appellee all damages awarded him, a copy of which bond was filed with and made part of said complaint; that said bond was taken and approved by said justice, who thereupon issued a writ of replevin in said cause for said corn, and that said corn was taken from the appellee's possession under said writ and delivered into the possession of the appellant George C. Tyler; and appellee averred that said action of replevin was taken, by appeal, to the Warren circuit court, and that said court, at its March term, 1875, rendered a judgment in appellee's favor in said cause for the return of said corn, and for forty dollars, for his costs in that behalf expended; and appellee averred that said corn was fairly worth two hundred and fifty dollars, and that appellants had wholly failed to perform the conditions of said bond in this; that they had wholly failed to prosecute the said complaint to effect, and had wholly failed to pay appellee said forty dollars costs, and had wholly failed to return to appellee the said corn, so replevied from his possession, in compliance with the order and judgment of said court; and that appellee was therefore damaged in the sum of three hundred dollars, which was due and unpaid, and for which and costs appellee demanded judgment.

Appellants demurred to appellee's complaint for the want of sufficient facts therein to constitute a cause of action, which demurrer was overruled by the court below, and to this decision appellants excepted.    Appellants then answered in two paragraphs.

1.   A general denial.

2. A special defence of affirmative matter.

To the second paragraph of appellants' answer, appellee demurred for the want of sufficient facts therein to constitute a defence to the action; which demurrer was sustained by the court below, and appellants excepted.

The action being at issue was tried by the court below, without a jury; and the court found for the appellee, and assessed the amount of his recovery at one hundred and sixty-eight dollars and thirty-nine cents, and judgment was rendered upon the finding by the court below. Upon written cause, appellants then moved the court below for a new trial, which motion was .overruled, and to this decision appellants excepted.

In this court appellants have assigned the following alleged errors, viz.:

1. Overruling appellants' motion for a new trial.

2. Overruling appellants' demurrer to appellee's complaint.

The cause for such new trial stated in appellants' motion was this: because the court erred in overruling the following motion made by appellants before entering on the trial,—" the appellants move the court to dismiss this cause, because the complaint shows affirmatively that the justice of the peace had not jurisdiction, the property replevied being worth two hundred and fifty dollars, to which ruling appellants at the time excepted."

This was the only cause assigned in appellants' motion for a new trial. Very singularly, it does not appear in the record of this cause, elsewhere than in said motion for a new trial, that the appellants ever moved the court below to dismiss this action for any cause whatever, or that the court below decided any such motion, or that the appellants excepted to any such decision. But if the record did show the matters recited in appellants' motion for a new trial, as therein 'stated, they would constitute no cause for such new trial. Section 352 of our code of practice (2 R. S. 1876, p. 179,) states all the causes for

which a new trial may be granted, and the cause assigned in appellants' motion for a new trial in this action was not one of those causes. The matters stated in appellants' motion for a new trial in this action are more nearly akin to the eighth than to any other of the statutory causes for a new trial. But these matters can not be said to be error of law occurring at the trial, when it was expressly stated in appellants' motion that the matters relied upon by appellants as a cause for a new trial occurred *before* the trial of the action. The court below committed no error in overruling appellants' motion for a new trial.

The second error alleged by appellants is, that the court below erred in overruling their demurrer to appellee's complaint. The ground of appellants' objection to the complaint, as stated in their demurrer, was that the complaint did not state facts sufficient to constitute a cause of action. In their argument, the only objection urged to the complaint by appellants was, that it appeared upon the face of the complaint, that the bond sued on in this action was taken and approved by the justice of the peace in a replevin suit of which the justice had no jurisdiction, by reason of the fact that the value of the property replevied exceeded the sum of two hundred dollars. But we do not find that any thing of the kind appeared in appellee's complaint. Appellee did not state in his complaint in this action what value the appellant George C. Tyler placed upon the corn in his replevin suit before the justice. But as the bond sued on in this action was in the penal sum of three hundred and twenty-five dollars, and as the law required the justice, in such a case, to take and approve a bond in a sum double the value of the property replevied; and as we are bound to presume, the contrary not appearing, that the justice did what the law required him to do,—we think that we may safely assume in this case that the value of the corn replevied, as stated in the complaint of the appellant Tyler before the justice, and its actual value, did not exceed the sum of one hun-

dred and sixty-two dollars and fifty cents, and therefore that the said replevin suit was within the jurisdiction of the justice of the peace. And we are very much strengthened in this conclusion by the fact that this value corresponds very nearly with the value of the corn replevied, as found by the court below. Where a suit is brought by the obligee in a replevin bond taken and approved by a justice of the peace in a replevin suit before such justice, it can not be inferred, merely from the fact that the obligee in his complaint alleged the value of the property replevied to be more than two hundred dollars, that therefore the justice of the peace had no jurisdiction of such replevin suit. In such a suit, if the obligors in the bond rely upon the fact that the value of the property replevied was in excess of the jurisdiction of a justice of the peace, as a defence to the action on the bond, such fact must be pleaded specially, where it did not appear from the proceedings before the justice that the value of the property replevied did exceed his jurisdiction. In our opinion, the facts stated in appellee's complaint in this case were sufficient to constitute a cause of action, and that, in overruling appellants' demurrer to the complaint, the court below committed no error.

The judgment of the court below is affirmed, at the costs of appellants.