Vawter *v.* Gilliland *et al.*

---

VAWTER *v.* GILLILAND ET AL.

HIGHWAY.—*Petition.* — *Names.* — *Initials.* — *Partnership Names.* — *Arrest of Judgment.*—Where the petition for the location of a highway, in alleging the names of the owners of lands which will be affected by the construction thereof, only sets out the initials of the Christian name, or the partnership name, only, of any of such owners, it is fatally defective on motion in arrest of judgment.

SAME.—*Report of Viewers.*—Upon appeal of such proceeding to the circuit court, the report of the viewers appointed by the county board can not be called in question.

SUPREME COURT.—*Practice.*—*New Trial.*—*Record.*—Where the truth of the grounds of a motion for a new trial is not made manifest by the record on appeal, no question as to the ruling on such motion is presented to the Supreme Court.

NEW TRIAL.—*Cause for.*—An erroneous ruling upon a motion made prior to the trial of a cause is not ground for a new trial.

From the Ripley Circuit Court.

*W. D. Ward, G. Durbin* and *H. W. Harrington,* for appellant.

PERKINS, J.—The following petition to the board of commissioners of Ripley county was duly filed:

"To the Honorable Board of Commissioners of Ripley county, Indiana:

"Your petitioners, citizens of Shelby township, in said county, respectfully ask your honorable board to locate and establish a public highway in said township, described as follows, to wit: Commencing about twenty rods north of the center of section five, township six, range eleven, east, at the mouth of a road running from Big Graham Creek, south, to a road known as the Vevay and New Marion Road; thence south, on the half section line of sections five, eight and seventeen, same township and range aforesaid, until it strikes the old plank road, running from Versailles to Madison, where the said half section line crosses said plank road, in section seventeen, as aforesaid, and about thirty rods south of the center of section seventeen, as aforesaid; said road will be about two miles and fifty rods in length, and will run over or along the lands of the following named persons, viz.: William Curran, Fred. Wilber, George Rine, W. D. and T. E. Willson, W. D. Willson, Jones & Rine, John Peterman, T. S. Vawter & Co., James I. McCarty and James O. Campbell, (land formerly of Cardius Royce's heirs), and we, as in duty bound, will ever pray.

Signed, "P. S. Jolly, John Miles, Elizabeth Miles, Edwin Flint, James I. McCarty, Wm. F. Gilliland, William Walton, Susan Flint, James C. Myers, Wm. Hyatt, Nathaniel Hostettler, E. C. Mayhew, John T. Ford, William Curran, John S. Christie, Jane Thompson."

Viewers were appointed.

They reported that they "did view and mark out said route, and we, the viewers, report said road favorable, and of public utility."

The board located the road as petitioned for, and ordered it opened thirty-three feet wide.

Milton S. Vawter appealed to the circuit court. In that court, he filed this motion:

"Comes Milton S. Vawter, the appellant, and moves the court to dismiss the petition in this case, because,

"1st. It does not sufficiently fix the beginning and terminus of the proposed highway;

"2d. The viewers had no authority to act;

"3d. The report of the viewers is a nullity, in this, that it does not locate the road so that each adjoining owner should give half the road;

"4th. The petition does not state facts sufficient to give the commissioners jurisdiction of the matter, as it does not appear that any of the signers to the petition for the proposed highway resided in the immediate neighborhood of it."

The court overruled the motion, and the appellant excepted.

Appellant then filed this motion:

"Comes Milton S. Vawter and moves the court to set aside the report of the viewers herein, for the following reasons, viz.:

"1st. Because, by their report, they do not lay out and mark the proposed highway;

"2d. Because the viewers have not laid out said highway, so that each adjoining owner should give half the road;

"3d. Because said report does not give a full description of the location of said road, but simply reports that a road, such as the petition asks for, is of public utility."

The motion was overruled, and exception noted.

A bill of exceptions shows the action of the court upon these motions.

The cause was then tried by a jury, and the following verdict found:

"We, the jury, find that the proposed road would be of public utility."

Appellant interposed the following motion for a new trial :

1st. Because the verdict is not sustained by the evidence ;

2d. Because the court permitted the jury to take the original petition in the case, and the report of the viewers, with them to the jury room, while deliberating upon their verdict ;

3d. Because the court overruled the motion to dismiss the petition ; and,

4th. Because the court overruled the motion to set aside the report of the viewers.

The court overruled the motion, and appellant excepted. A motion in arrest was also overruled, and judgment laying out the road entered. Appeal to this court, and an assignment made that the court below erred in overruling the appellant's motions, to dismiss, to set aside report of viewers, for a new trial, in arrest of judgment, and that the court erred in rendering its final judgment.

The ruling upon the motion to set aside the report of the viewers was upon an immaterial matter. It had nothing to do with the trial in the circuit court.

The overruling of the motion to dismiss presents the question whether the petition was sufficient to enable the court to make a legal location upon it, of the highway.

It is claimed that it is fatally defective, on account of its failure to set out the full given names of the owners of the land; that giving the initials only of the Christian names of individual owners, and the firm names only of owners in partnership, is not a compliance with the statute. *Hughes* v. *Sellers*, 34 Ind. 337, is cited to the point. We think this objection is well taken, and that the petition is fatally defective, on motion in arrest.

There is nothing in the record upon which this court can say the court erred in overruling the motion for a new trial. We can not say the verdict was not sustained by

the evidence; because, while it is admitted that evidence was given on the trial, the record does not contain it; and errors occurring during the trial are not shown. Hence, we are not called upon to express an opinion, upon the legality, or otherwise, of permitting the jury to take to their consultation room the petition and report, mentioned in the motion for a new trial; because we have no evidence that such permission was given, or that those papers were, in fact, taken by the jury. Appellant, in his motion for a new trial, intimates that such were the facts; but the court overruled his motion, for aught we know, because the facts assumed in it were not realities. The court, under its signature, does not appear to have admitted their existence, anywhere in the record. As to the remaining grounds on which the new trial was asked, they were not such as entitled the party to it. They do not go to the regularity of the trial had.

The judgment is reversed, with costs. Remanded, with instructions to dismiss petition.