## TIBBETTS ET UX. *v.* O'CONNELL.

FORCIBLE ENTRY AND DETAINER.—*New Trial.*—*Assignment of Error.*—*Supreme Court.*— *Motion to remand Cause to Justice to be Certified.*—*Title to Land.*—In an action originating before a justice of the peace, for forcible entry and detainer, the defendant, in the circuit court on appeal, moved the court, on the ground that the title to real estate had been duly put in issue before the justice by a verified answer, to remand the cause to the justice to be certified by him to the circuit court, pursuant to section

12, 2 R. S. 1876, p. 607. This motion was overruled, and the action of the court in overruling it was made ground of a motion for a new trial.

*Held,* that such ruling was not ground for a new trial, but should have been assigned independently in the Supreme Court as error.

SAME.—*Force.—Fraud.—Arrest.*—The wife of an outgoing tenant having delivered the key to the property to one of the family of a third person for delivery to the landlord, such third person took possession of the property without leave from the landlord. The landlord, afterward finding such intruder away from the property, broke in and removed the chattels of the latter into the street. They two having agreed that the chattels should be placed on an adjoining lot, the landlord departed leaving the house in temporary possession of an agent, but both the landlord and the agent having been arrested and carried before a justice, where they were at once discharged by the officer, such intruder again took possession without leave. *Held,* that the landlord could maintain an action for forcible entry and detainer.

From the Clark Circuit Court.

*J. H. Stotsenburg, J. G. Howard* and *J. F. Reed,* for appellants.

*D. C. Anthony* and *J. K. Marsh,* for appellee.

WORDEN, C. J.—This was an action by the appellee, against the appellants, for the forcible entry and detention of certain real estate, commenced before a justice of the peace, and appealed to the circuit court.

In the latter court the case was tried by the court, who found for the plaintiff and rendered judgment accordingly.

There is but one error assigned, which is, that the court below erred in overruling the appellants' motion for a new trial.

The following were the reasons filed for a new trial:

"1. For irregularity in the proceedings of the court, by which the party was prevented from having a fair trial, in overruling the motion of the defendants to remand the cause to the justice of the peace from whom it was appealed, as shown by the bill of exceptions No. 1, heretofore filed herein;

" 2. That the decision of the court herein is not sustained by sufficient evidence ;

" 3. That the decision of the court herein is contrary to law."

The plaintiff in the action recovered before the justice of the peace, and the defendants appealed to the circuit court. In the latter court the defendants, before trial, moved, as is shown by the bill of exceptions referred to, to remand the cause to the justice, in order that the same might be certified to the circuit court under the provisions of sec. 12, 2 R. S. 1876, p. 607, because —

" 1st. The title to real estate was properly put in issue in the cause before the justice, upon the answers and pleadings, supported by affidavit, and the justice, though required by the defendants to certify the cause, refused to do so, and compelled a trial before him ;

" 2d. The justice had no jurisdiction to try the cause, for the reason that the title to land was put in issue by pleas supported by affidavit."

The court overruled this motion, and the appellants excepted.

The overruling of the motion is not made the subject of an independent assignment of error, as we think it should have been, in order to raise any question here as to the correctness of the ruling. Whether the ruling was correct or otherwise, it was not such an one as is made a ground for a new trial. Had it been, the question involved in it would have been properly raised by the motion that was made for a new trial, and the assignment of error upon the overruling of that motion.

The first clause of the statute providing for what causes new trials may be granted is the only one that has any semblance of application to such case. It specifies as causes: " Irregularity in the proceedings of the court, jury or prevailing party, or any order of court or

abuse of discretion, by which the party was prevented from having a fair trial." 2 R. S. 1876, p. 179, sec. 352.

The manner in which the case came into the circuit court, whether by appeal or on the certificate of the justice on the ground that the title to land was put in issue, could have had nothing to do with the fairness of the trial. As fair a trial could be had in the one case as in the other.

We can not say that the finding of the court was not sustained by the evidence, or was contrary to law.

The evidence, to be sure, does not make out a very clear case of forcible entry, but it tended to establish such case, and the finding is not so clearly wrong as to call for any interference with it by this court.

The judgment below is affirmed, with costs.

NOTE.—HOWK, J., was absent when this cause was considered.

### ON PETITION FOR A REHEARING.

WORDEN, C. J.—In this case the counsel for the appellants have filed an earnest petition for a rehearing, insisting that the finding was not sustained by the evidence; and, considering the confidence of the counsel in the correctness of their view of the case, we have thought proper to state the material facts involved, which we think were clearly enough shown by the evidence. The point made by counsel is, that the entry was not shown to have been made forcibly, as well as unlawfully.

We adhere to the decision in the case of *O'Connell* v. *Gillespie*, 17 Ind. 459, to the effect that the entry, in order to bring the case within the statute, must have been forcible as well as unlawful.

Now to the facts: O'Connell, the plaintiff, was the owner of the property in question, which was at one time in the possession of one Woolley, as his tenant. Woolley moved out and vacated the premises, apparently without

the knowledge of the plaintiff. When Woolley moved out, the key of the house was delivered by Woolley's wife to one of the Tibbetts family, who, it seemed, lived near by, for the plaintiff, O'Connell, and to be delivered to him. This does not seem to have been done, but Tibbetts and his wife, the appellants, moved into the premises, and occupied the same. The entry thus made by the appellants does not seem to have been accompanied with any thing which the law would recognize as force; and we suspect that the counsel for the appellants, in insisting that there was no force, had their minds directed more to the entry above stated than to the one hereafter to be noticed.

Afterward, on the 12th of October, 1875, the plaintiff went to the house, and found it locked up ; saw the appellant Mrs. Tibbetts standing at the door of the next house and asked her where Woolley was. She said he had moved away. He asked her where the key to the house was, and she said she had it and was living in the house. On the 15th of the same month the plaintiff went back to the house, taking a man with him, and having walked around it and looked in at the windows, and seeing no appearance of any one being in it, he forced open the kitchen door and took possession of the house. He put the goods and furniture which he found there out into the street. Then James O. Tibbetts came and wanted to put the goods back, but the plaintiff would not permit him to do so. The plaintiff told him that he would put the goods any where that he would agree to, out of the street. Tibbetts then agreed that the goods should be put upon another lot. The plaintiff cleared the house of every thing, and left a man by the name of Kavanaugh in charge of it, and went down town to buy some locks. When he got down town he was arrested and taken to a justice's office. Kavanaugh was also arrested and taken to the justice's. When they arrived there, they were in-

formed that they could go.  Kavanaugh stayed in the house fifteen or twenty minutes after the plaintiff left to get the locks, when he was arrested by a constable and taken to the justice's.  After the constable had arrested Kavanaugh, he, the constable, told Mrs. Tibbetts, who, it is to be inferred, came into the house while the plaintiff was putting out the goods, and remained there when he left to get the locks, to move back her goods, which she commenced doing.  After the plaintiff left the justice's he went back to the house and found the appellants had moved back into it.  Mrs. Tibbetts talked to him from the window.  It does not appear what charge was made, or that any was made, against either the plaintiff or Kavanaugh, or upon what pretext they were arrested.  No prosecution was carried on against them or either of them, but, upon arriving before the justice, they were told that they could go.  The inference is irresistible that their arrest was a mere pretext to keep the plaintiff away, and take and keep Kavanaugh away, long enough to enable the appellants to move back and retake possession of the property.  We can not doubt that the arrests were brought about by the procurement of the appellants, for that purpose.  This is a fraud, which the law will not tolerate.  1 Cooley Torts, 190, 191.

The appellants are in no better situation than if they had personally seized the plaintiff and kept him away, and had personally seized Kavanaugh and taken and kept him away, long enough to enable them to accomplish their purpose.  This they did under color of legal process.  Kavanaugh was left by the plaintiff in charge of the house.  The appellants, under color of legal process, and for the purpose of making a re-entry upon the premises, caused him to be arrested and taken away.  Here was an application of force, as clearly as if the appellants had personally seized upon and expelled him from the house, so that they might re-enter.

Whether the plaintiff acquired possession by legal means on the 15th of October, 1875, we need not determine; but we think it reasonably clear that on that day he acquired possession, and was in possession at the time of the entry by the appellants, which we regard as forcible.

The petition for a rehearing is overruled.