The Ohio Falls Car Company *v.* Sweet and Clark Company.

under all the circumstances, the claim of appellants is without merit.

Judgment affirmed.

Filed June 8, 1893.

———————◆———————

No. 972.

THE OHIO FALLS CAR COMPANY *v.* SWEET AND CLARK COMPANY.

JUDGMENT.—*Relief from Default.— Written Motion Required.*—Where a defendant seeks to have a judgment taken by default set aside, he must file a written motion or complaint, and an oral motion therefor will not suffice.

RECORD.—*Affidavits, etc., How Made a Part of.—Appeal.— Order of Court.—Certainty.*—Affidavits in support of a motion to set aside a default are simply evidence, and are not part of the record, unless made so by bill of exceptions or by order of the court. And orders of the court making affidavits, etc., a part of the record must be specific.

APPELLATE COURT PRACTICE.—*Sufficiency of Evidence.*—The appellate tribunal will not pass upon the sufficiency of the evidence unless it is all in the record.

From the Grant Circuit Court.

*M. Z. Stannard,* for appellant.

*H. Brownlee* and *H. J. Paulus,* for appellee.

Ross, J.—The appellant filed its complaint in the Grant Circuit Court, against the appellee, August 26, 1890, demanding damages for the breach of a contract. The appellee appeared and filed an answer of general denial, and also additional paragraphs of set-off and a counter-claim. On September 22, 1890, the appellant filed a reply of general denial to the answer of set-off and the counter-claim. Upon the issues thus formed the cause was called for trial, and the appellant filed a mo-

tion and affidavit for a continuance, which was overruled by the court, whereupon the appellant dismissed its complaint, and withdrew its reply and appearance, and, on motion of the appellee, appellant was defaulted on the counter-claim. The cause was then tried by the court; a finding for the appellee on the counterclaim in the sum of $1,600, and judgment entered accordingly, September 24th. On October 18, 1890, the appellant appeared, by its counsel, and moved the court to set aside the judgment and default entered September 24th, and in support of their motion filed several affidavits. This motion was overruled by the court, to which ruling the appellant excepted.

Several errors have been assigned by the appellant, but counsel have argued but one, namely, the overruling of the motion to set aside the judgment and default.

Section 396, R. S. 1881, provides, among other things, that "The court may also, in its discretion, allow a party to file his pleadings after the time limited therefor; and shall relieve a party from a judgment taken against him, through his mistake, inadvertence, surprise, or excusable neglect, and supply an omission in any proceedings, on complaint or motion filed within two years."

This section requires the filing of a written complaint or motion in order to obtain relief from a judgment taken against a party through his mistake, inadvertence, surprise, or excusable neglect. *Indianapolis, etc., R. W. Co.* v. *Crockett*, 2 Ind. App. 136.

The record in this case does not contain any motion filed by the appellant. The only record entry on the subject of the filing of such a motion reads as follows: "Comes now the plaintiff, by counsel, and moves the court to set aside the judgment and default herein, and, in support of which, file their three affidavits therefor in these words, to wit;" then follow the affidavits of the attorneys and the vice-

The Ohio Falls Car Company *v.* Sweet and Clark Company.

president of the appellant company. These affidavits, although copied into the record, are not a part thereof unless made such by bill of exceptions or order of the court. Affidavits in support of a motion to set aside a default are simply evidence, and are not a part of the record, except made so by a bill of exceptions or order of the court. After appellant's motion had been overruled by the court, on motion of the appellant, the court ordered "that the several affidavits herein filed in support of the motion heretofore filed for the purpose of setting aside the default hereinbefore taken against said plaintiff, and also the affidavits therein filed by said defendant with reference to said motion, shall be, and the same are hereby made a part of the record in this cause." · Orders of the court making motions, etc., parts of the record should be specific. The above order is too indefinite and general. The record, however, does not contain any affidavits filed by the appellee, as designated by the order. This court can not review and pass upon the sufficiency of the evidence, except it is all in the record. It is not all in the record in this case.

There are no questions presented for review on this appeal.

Judgment affirmed.

DAVIS, J., concurs in the result.

Filed June 8, 1893.