### FITCH v. BYALL.

[No. 2,234.    Filed May 20, 1897.]

APPELLATE COURT.—*Jurisdiction.—Suit for Relief From Judgment Taken Before Justice of Peace.*—The Appellate Court has no jurisdiction of an appeal from a judgment of a circuit court in an original proceeding for relief from a judgment taken before a justice of the peace by default, since such suit is not an incident of the cause in which the judgment was rendered.

From the Allen Circuit Court. *Transferred to the Supreme Court.*

*W. Leonard* and *E. Leonard*, for appellant.

*B. F. Harper*, for appellee.

BLACK, J.—Isa C. Byall, the appellee, in his verified complaint against Charles B. Fitch, the appellant, showed that in October, 1895, the appellant instituted an action in the court of Michael Tancy, a justice of the peace in and for Wayne township, Allen county, Indiana, on two promissory notes; that a summons was issued in said action by said justice of the peace, "as appears from the record of said justice," to Charles W. Lindsey, commanding him to summon the appellee to appear before said justice on the 25th day of October, 1895, to answer an action brought by the appellant against the appellee, wherein a judgment was demanded for $60; that on the ——— day of October, 1895, Charles W. Lindsey, or some one else representing himself as said Lindsey, a constable from the court of said justice of the peace in said township, went to the residence of Isaac Byall, and said he had a summons for said Isaac Byall commanding him to appear before M. Tancy, said justice, on the 25th day

Fitch v. Byall.

of October, 1895, "to answer Charles B. Fitch wherein said Fitch claimed the sum of $60;" that said Isaac Byall was not at home at the time said Lindsey called; that thereupon said Lindsey left a copy of said summons with said Isaac's wife, "a copy of which said copy is hereto attached and made part hereof marked 'Exhibit A.'"

It was further alleged that on the 25th of October, 1895, "as appears from the judgment record kept by M. Tancy, said justice of the peace," the appellant, and his attorneys named, appeared in said Tancy's court and secured a judgment by default against the appellee; that the summons issued in said action was never served upon the appellee, either by reading to him or by a copy thereof left at his last and usual place of residence; that he never received notice of any kind, or from any source, of the pendency of said action, or of the rendition of said judgment, until the 8th of February, 1896; that said judgment was rendered against the appellee "on the summons and service on Isaac Byall as aforesaid, and no other notice or service of any kind thereon was made or given." It was alleged that the appellee could not, by the exercise of reasonable diligence, have learned of the pendency of said action in time to appear and defend the same before judgment, and did not know any such action had been commenced against him or judgment rendered, until the 8th of February, 1896; for which reasons he did not appear to said action in person or by attorney. It was further alleged that said notes upon which said judgment was rendered were given by the appellee for a policy of insurance. The complaint alleged that the appellee has a good and meritorious cause of defense to said notes, and matter of defense thereto was set forth at length.

It was alleged that said judgment was taken against the appellee through his excusable neglect; that he would have pleaded and proved the facts so set forth had he been notified of said action; that the appellant had caused a transcript of said judgment to be filed in the office of the clerk of the court

Fitch v. Byall.

below, which operates as a lien on the appellee's property; that, as soon as the appellee learned of the "execution of said judgment" against him, he immediately proceeded to bring suit for relief from said judgment. Prayer, that said judgment be annulled and that said default be set aside, and that the appellee be allowed to make his defense, and for all other proper relief.

A demurrer to the complaint for want of sufficient facts was overruled. Issues formed were tried by the court, and it was ordered and decreed that said judgment "be opened and vacated so as to enable the defendant in said action to make defense therein;" and the justice of the peace was ordered to allow the appellee to make his defense to said action, after due notice to the parties.

The copy of the copy of a summons alleged to have been left at the house of Isaac Byall, filed with the complaint as an exhibit, contains the name of Isaac Byall, instead of that of the appellee. Whether this exhibit should be regarded as part of the complaint, we leave undecided. That question is immaterial in this court, in the view we take of the case.

The complaint indicates that the proceeding before the justice was an action brought by the appellant upon promissory notes given by the appellee. The complaint shows summons was issued in that action, commanding the summoning of the appellee to appear before the justice to answer an action brought by the appellant against the appellee, and that on the return day named in the summons judgment was rendered in said action against the appellee. The ground of complaint in this cause is that the appellee had no actual notice of the suit before the justice, and that he had a meritorious defense.

The theory upon which the appellee and the court proceeded was that the complaint was an application for relief from a judgment taken against the appellee through his excusable neglect. Such a proceeding, where it is proper, is a direct attack upon the judgment, and is provided for and

controlled by statute (section 399 Burns 1894, section 396 Horner 1897). This statute is part of the code of civil procedure. The authority thereby conferred on the courts is not extended to justices of the peace, whose methods of procedure are prescribed by a separate enactment, by whose provisions their procedure is confined. See *Brown* v. *Goble*, 97 Ind. 86; 6 Ency. Pl. & Pr. 149. This provision of the code contemplates that the application thereby authorized shall be made by complaint or motion to the court from whose judgment relief is sought. It does not confer upon the circuit court authority to open up judgments of justices of the peace upon the grounds indicated in the code provision, for the purpose of allowing defenses to be made in the courts of justices.

The method of removing causes from courts of justices of the peace to courts of general jurisdiction, provided by statute, is by appeal, which may be taken by a party within thirty days from the rendition of judgment, or which may be authorized by the circuit court after thirty days, where the party seeking the appeal has been prevented from taking the appeal by circumstances not under his control. But the appeal vacates the judgment, and the cause is to be tried in the court to which the appeal is taken, under the rules and regulations prescribed for trials before justices, as if it had not been before tried. On such appeal the circuit court does not proceed as a court of errors to review and correct the action of the justice in questions of law merely. *Britton* v. *Fox*, 39 Ind. 369.

The case at bar was not an appeal to the circuit court, or a proceeding seeking the granting of an appeal, but was an original proceeding in that court, treated as an application for relief from a default in the court of a justice of the peace.

An application for relief from a judgment by default rendered in an action in a court of general jurisdiction to which such application is presented, that is, such an application as

is contemplated by the provision of the code to which we have referred, is regarded as an incident of the original or main action, looking to the ultimate determination of the rights of the parties therein; and in such case, it has been held, "the court having jurisdiction, on appeal, of the principal case has jurisdiction over the application to set aside a judgment rendered in the cause, where the application therefor is based upon the provision of the statute providing for vacating judgments on account of excusable neglect." *Parker* v. *Indianapolis National Bank*, 126 Ind. 595. Accordingly, this court has exercised jurisdiction over such proceedings in a number of appeals, the question in relation to such relief being frequently presented on appeal from the final judgment in the original or main action. See *Parker* v. *Indianapolis National Bank*, 1 Ind. App. 462; *Hoag* v. *Old People's, etc., Soc.*, 1 Ind. App. 28; *Western Union Tel. Co.* v. *Griffin*, 1 Ind. App. 46; *Baltimore, etc., R. Co.* v. *Flinn*, 2 Ind. App. 55; *Indianapolis, etc., R. Co.* v. *Crockett*, 2 Ind. App. 136; *Wells* v. *Bradley*, 3 Ind. App. 278; *Cresswell* v. *White*, 3 Ind. App. 306; *Devenbaugh* v. *Nifer*, 3 Ind. App. 379; *Heaton* v. *Peterson*, 6 Ind. App. 1; *Ohio Falls Car Co.* v. *Sweet and Clark Co.*, 7 Ind. App. 163; *Durre* v. *Brown*, 7 Ind. App. 127; *Decker* v. *Graves*, 10 Ind. App. 25; *Dallin* v. *McIvon*, 12 Ind. App. 150; *Kolb* v. *Raisor*, 17 Ind. App. 551.

This court has jurisdiction of appeals from judgments rendered in cases which originated before a justice of the peace, only where the amount in controversy, exclusive of interest and costs, exceeds $50. Section 1336 Burns 1894, section 6562a Horner 1897.

The amount in controversy is a material matter, which must appear, to confer jurisdiction on this court. If in a case originating before a justice it should appear that the amount in controversy was not large enough to confer jurisdiction on this court, or if the record in such a case should not disclose the amount in controversy, and therefore should fail to

indicate that it was within the jurisdiction of this court, we would be required to dismiss the appeal, if the proceeding were one to obtain relief from a judgment within the statute. Whether we can determine from the record before us what amount is in controversy is immaterial, for it is not such a proceeding as is contemplated by the statute. It is not such an incident of an original case as those above mentioned in which this court has decided upon applications for relief. To make it such a case, it would be necessary that the judgment from which relief was sought, though in a cause originating before a justice, should have been a judgment of the circuit court. The proceeding for relief was not an incident of the cause in which the judgment was rendered in such a sense as to confer jurisdiction upon this court. Whether the complaint was sufficient to invoke the equity power of the court to enjoin the enforcement of the judgment of the justice, or showed sufficient cause to declare and decree that judgment null and void, we likewise cannot determine. Our jurisdiction is defined by statute, and it does not appear that this cause comes within the limits so prescribed.

Therefore, it is ordered that the cause be transferred to the Supreme Court.