## GALEY ET AL. *v.* MASON ET AL.

[No. 21,466. Filed April 22, 1910.]

1. VENUE.—*Change of.—Applications for.—Refusal to Rule on, until Closing of Issues.*—The trial court has the right to suspend its ruling upon a motion for a change of venue from the county until the issues in the case are closed. p. 160.
2. DISMISSAL AND NONSUIT.—*Motions for.—Action on, during Pendency of Motion for Change of Venue.*—Where a motion to dismiss an appeal from the board of commissioners is sustained, a pending motion for a change of venue from the county need not be ruled on. p. 160.
3. NEW TRIAL.—*Grounds for.—Motions to Dismiss Appeal.—Ruling on, how Assigned.*—The sustaining of a motion to dismiss an

appeal from the board of commissioners does not constitute a ground for a new trial, and to review such ruling on appeal, it must be assigned as independent error. p. 160.

From Montgomery Circuit Court; *Jere West,* Judge.

Petition by Orlando W. Mason and others, against which Charles F. Galey and another remonstrate. From a judgment for petitioners, remonstrants appeal. *Affirmed.*

*John F. McHugh,* for appellants.
*E. E. Ballard* and *R. C. Minton,* for appellees.

MONKS, J.—Appellees filed with the auditor of Montgomery county a petition praying that the board of commissioners of said county order a special election, under the act approved September 26, 1908 (Acts 1908 [s. s.] p. 4), commonly known as the county local option law. Said board of commissioners ordered said election as prayed for. From this judgment each of the appellants appealed to the court below. Appellees filed in the court below a motion to dismiss said appeals. Afterwards, at the same term of the court below, appellants filed their separate motions, supported by affidavits, for a change of venue in said cause from said county.

Afterwards at said term the court sustained said motions to dismiss said appeals, to which rulings of the court each appellant excepted. Thereupon appellants filed their joint and several motions for a new trial, assigning as causes therefor that the court erred (1) in refusing to grant a change of venue in said cause until after it had ruled on the motion of the petitioners to dismiss the appeal, and (2) in sustaining the motion of the petitioners to dismiss the appeal.

The court overruled each of said motions for a new trial, and rendered judgment dismissing said appeal. The assignment of errors calls in question the action of the court in overruling said motions for a new trial.

Said local option law was held constitutional by this court in the case of *McPherson* v. *State* (1910), *ante*, 60.

The record shows that the motion to dismiss the appeals of appellants from the board of commissioners was made before appellants filed their motions and affidavits 1. for a change of venue from the county, but said motion to dismiss said appeals was sustained after said motion for a change of venue was filed.

It has uniformly been held by this court that when a motion for a change of venue from the county is filed, that it is proper for the court to suspend action on such motion until after the issues are closed, for the reason that, as in this case, the cause may be disposed of without trial. *Dawson* v. *Vaughan* (1873), 42 Ind. 395, 397; *Matlock* v. *Fry* (1860), 15 Ind. 483; *Risher* v. *Morgan* (1877), 56 Ind. 172. See, also 2 Works' Prac. §1263. It follows that the court did not err in first ruling upon the motion to dismiss said appeals although appellants' motions for a change of venue from the county were then pending.

When the court sustained the motion to dismiss said appeals, even if said ruling was erroneous, it was not 2. necessary to rule upon appellants' application for a change of venue, because the dismissal of said appeals disposed of said cause in said court.

The action of the court in sustaining said motion of appellees to dismiss said appeal is not a cause for a new trial, and therefore no question is presented by assigning 3. it as the second ground for a new trial. If error was committed by the court in sustaining said motion, it was not an ''error of law occurring at the trial.'' *Tyler* v. *Bowlus* (1876), 54 Ind. 333; *Tibbetts* v. *O'Connell* (1879), 66 Ind. 171; *Vawter* v. *Gilliland* (1876), 55 Ind. 278; *Ward* v. *Bateman* (1870), 34 Ind. 110; *Gates* v. *Thayer* (1884), 93 Ind. 156; *Reed* v. *Spayde* (1877), 56 Ind. 394; *Pfaffenback* v. *Lake Shore, etc., R. Co.* (1895), 142 Ind. 246, 248, 249, and cases cited; *City of New Albany* v. *White* (1885),

100 Ind. 206, 209, and cases cited; *Ringgenberg* v. *Hartman* (1885), 102 Ind. 537.

The only way to present any question as to the correctness of the action of the court in sustaining appellees' motion to dismiss said· appeals was to assign said ruling as independent error in this court, which has not been done. Whether said cause is appealable from the board of commissioners, and, if appealable, whether it must be appealed before or after the local option election, is not therefore presented by the assignment of errors, and is not determined.

The court did not err in overruling said motions for a new trial.

Finding no available error in the record, the judgment is affirmed.