WILLIAMS, ETC. *v.* McGUIRE ET AL.

[No. 17,311.   Filed April 25, 1945.]

*Anderson, Hicks & Anderson,* of Gary, for appellant. *C. C. McGuire,* of Gary, for appellees.

DOWELL, P. J.—Appellant sought an appeal to the Lake Circuit Court from a judgment against him in the City Court of Gary, Indiana. More than 30 days having elapsed since the date of the judgment in the latter named court, appellant proceeded under § 5-1006, Burns' 1933, by filing in the Lake Circuit Court his verified petition for leave to appeal. Thereupon appellees McGuire, Evans and Nichols each filed motions to dismiss the appeal. After hearing evidence the court sustained each of said motions and the appeal was dismissed.

Appellant assigns as errors:

1. The court erred in overruling defendant's motion for new trial.

2. The court erred in granting the application of Chester C. McGuire for a change of judge.

3. The court erred in permitting the plaintiff Chester C. McGuire to file a second paragraph of motion to dismiss.

4. The court erred in sustaining the motion of Chester C. McGuire.

5. The court erred in sustaining the second paragraph of plaintiff Chester C. McGuire's motion to dismiss.

6. The court erred in sustaining the motion of Alex Evans to dismiss appeal.

7. The court erred in sustaining the motion of John D. Nichols to dismiss appeal.

8. The court erred in overruling the oral motion of appellant Lafayette Williams, defendant therein, to require the original judgment holder and the assignee of the judgment to elect who will prosecute motion to dismiss appeal.

Appellant's first assignment presents no question. Error asserted upon dismissal of an appeal from a court of inferior jurisdiction, such as that here involved, must be assigned independently. A motion for a new trial is improper. *Tibbetts* v. *O'Connell* (1879), 66 Ind. 171; *Hughes* v. *Chicago, etc., R. Co.* (1912), 50 Ind. App. 278, 98 N. E. 317.

The remaining assignments are discussed in appellant's brief solely upon the theory that appellees McGuire, Nichols and Evans were not parties in interest below. If this constituted error it was invited by appellant who, by his verified petition for leave to appeal, made appellees parties and brought them into court as such.

Since we have before us no assignment predicating error upon the action of the court below in dismissing the appeal, such action must be sustained.

Affirmed.

Draper, C. J., not participating.

NOTE.—Reported in 60 N. E. (2d) 609.