### BUCK v. REIGHARD.

Common Pleas Court, Fulton County.

No. 12703.    Decided April 1, 1949.

E. S. Diehl, Defiance, for plaintiff.
J. W. Williamson, Wauseon, for defendant.

### OPINION

By HAM, J.

The plaintiff moves for a change of venue on the grounds that the defendant is publisher of a newspaper of large circulation in the county, by reason of which he is closely associated with the peoples of the county generally.

The right to invoke the court's order for a change of venue is afforded by Section 11415 of the Civil Code and Section 13427-1 of the Criminal Code.   They are almost identical, so for guidance we can look to the annotations of decisions under both sections, those under the Criminal Code being more numerous.

In the onset the court recognizes that where is present a local prejudice because, for instance, there has been a particularly atrocious crime committed, or a heavy loss by theft to the creditors of a Bank, the air itself seems surcharged with prejudice and passion directed against the defendants which somehow seemingly penetrates the walls of the court room itself.   No such public tumult and clamor is present here, however.

But what is said by the plaintiff of the editor here could apply to a minister, doctor, lawyer or anyone of wide and favorable acquaintance in the county. But naturally there would not be that passionate prejudice (if in fact any) against such a man's opponent as in the instances first noted.

Over a century ago our Supreme Court decided a case, **Bank of Cleveland v. Ward, et al., 11 Oh St 128.** The Court, referring to a New York case [Bowman v Ely, 2 Wend. 250], said:

The Court decided not to interfere on any speculative opinion of individuals; that they ought, first, to see whether the apprehensions of the party were realized and there would then, be time to interpose, and cause the court of justice to flow unpolluted by passion or prejudice.

The power to interpose, and change the venue, in this State, is derived from the one hundred and thirty fourth section of the Practice Act (Swan's Stat., 684) which provides "that, in all cases where it shall be made to appear to the Court that a fair and impartial trial cannot be had in the county where the suit is pending, the Court may direct the venue to be changed." It appears to us, that more confidence is due to the not less than five thousand legally qualified jurors in the county of Cuyahoga, than to suppose a fair trial cannot be had there, merely upon the speculative opinion of one individual, and he a party, in interest, in the cause; and there is nothing else in the case to induce such belief. There is nothing in the cause of action calculated to raise an excitement, or general feeling, for the matters in controversy are five promissory notes. The record shows there has been but one attempt at a trial by jury, and it is a fact within our recollection upon that trial, and of which we must take judicial notice, that no difficulty occurred in the selection of the jury, though they were unable to agree, and were discharged by the Court; and, under the proof in the cause, such disagreement might have happened in any other county in the State.

As before remarked, it is difficult to establish any general rule, applicable to all cases of this kind; but it is, nevertheless, certain that the defendants should not be subjected to the vexation and expense of trying their case in a distant county, because the plaintiff alone, entertains the opinion that justice cannot be administered at home. Either party has the right to a struck jury if application is made; and, in a populous county, until even that effort is tried, the Court should not interfere, without other most clear and satisfactory proof of the necessity, to the fair and impartial administration of justice that the place of trial should be changed.

I find no other decision in this State which discusses the degree of quantum of proof. As a matter of first impression I would assume that a mere preponderance would suffice.

But this is part of the text in American Jurisprudence Vol. 56, page 68, in Section 68, "and it is the consensus of opinion that the law presumes that a defendant can get a fair and impartial trial in the county in which the offense was committed; in order to overcome this presumption the burden is upon the defendant to show clearly that he cannot have such a fair and impartial trial. Before the court is justified in sustaining an application therefor on account of the prejudice of the inhabitants of the county it must affirmatively appear that there is such a feeling of prejudice prevailing in the community as will be reasonably certain to prevent a fair trial."

The court knows the several affiants whose affidavits pro and con are on file. They all qualify as "creditable citizens", a term used in another section of the code.

Assuming but doubting that the "preponderance" rule of evidence is applicable here, the court does not feel at this time that the applicant has sustained the burden of proof which the law casts upon her.

However, in a criminal case, **State v. Kauffman, 30 O. O.** page **501** of the 3rd syllabus reads: "When on a hearing of a motion for change of venue, defendant's counsel limits his grounds for a change to the claim that a fair and impartial jury can not be impaneled, the court may pass the hearing, reserving it to be heard at any time during the examination of the jury panel on its voir dire if it should then appear doubtful that a fair and impartial jury can be impaneled."

At that time, the court knew of no supporting decisions sustaining its action, which, however, he was confident was right in logic and sane judgment. Since that, it has found some support without the state.

We quote from Sec. 71, Vol. 56, American Jurisprudence at page 71: "In the absence of any statutory provisions which by its terms or necessary implication requires immediate disposition of an application for a change of venue, the court may properly suspend action upon the application even though the ground asserted may be one, which, if established, gives the moving party an absolute right to a change."

See also annotations 18 and 19 at page 72:

"On an application for a change of venue on the grounds of inability to secure a fair trial, it has been held that the court may postpone its hearing on the motion until it can be as-

certained by an examination of a sufficient number of jurors whether a fair and impartial trial can be obtained." Anno; Am. Cas. 1912C, 1292.

"Galey v. Mason 174 Ind. 158, 91 N. E. 561 Ann. Cas. 1912C, [1290], 1292."

So the court harkens to that challenging observation of Judge Wood in that early day and applies it here, and holds that more confidence is due to the approximate ten thousand voters in Fulton County than to suppose that a fair trial cannot be had here, and that the defendant should not be subjected to the vexation and expense of trying his case in a distant county at the mere caprice of his opponent.

However, the court while overruling and denying the application, reserves to the plaintiff the right to renew it at the trial if and when, in impaneling the jury, difficulty be met in obtaining a fair and impartial trial. If such a situation arises, the court sua sponte will vacate the former order against the application and hear the application de nova. Let the order so provide. Exceptions to applicant.