MEIER, ETC. *v.* SOCIAL SECURITY ADMINISTRATION ET AL.

[No. 29,586. Filed December 4, 1957. Rehearing denied January 9, 1958.]

*Louis Meier,* of Sullivan, for appellant.

*Jack C. Brown,* United States Attorney, and *James L. Miller,* Assistant United States Attorney, for appellees.

EMMERT, C. J.—This is an appeal from a judgment dismissing appellant's action to recover social security money alleged to be due his ward, a person of unsound mind. Appellees have filed here a motion to dismiss the appeal.

On April 2, 1957, appellees filed in the trial court a motion to dismiss the cause of action. On April 22, 1957, the trial court entered a judgment dismissing the cause. There was no trial or hearing had on the motion to dismiss. Appellant next filed a motion for new trial, which was overruled on May 24, 1957. The

transcript and assignment of errors was filed with our clerk August 23, 1957. No petition had ever been filed with us for an extension of time to perfect the appeal.

Rule 2-2 required this appeal to be perfected within ninety (90) days from the date of judgment, unless time be extended pursuant to the rule. There had been no trial, so the motion for a new trial was a nullity. *Tyler* v. *Bowlus* (1876), 54 Ind. 333; *Vawter* v. *Gilliland* (1876), 55 Ind. 278; *Galey* v. *Mason* (1910), 174 Ind. 158, 91 N. E. 561; *Hughes* v. *Chicago, etc. R. Co.* (1912), 50 Ind. App. 278, 98 N. E. 317; *Dawson* v. *Wright* (1955), 234 Ind. 626, 129 N. E. 2d 796. It could not serve to extend the time for perfecting the appeal.

The dismissal of a cause is a final judgment from which an appeal lies. *Dawson* v. *Wright* (1955), 234 Ind. 626, 129 N. E. 2d 796, *supra.* The failure to perfect the appeal within the time required by Rule 2-2 prevented this court from obtaining jurisdiction of the appeal. It should be dismissed. *Dawson* v. *Wright, supra,* and cases therein cited.

Appeal dismissed.

Bobbitt, Landis, Achor and Arterburn, JJ., concur.

NOTE.—Reported in 146 N. E. 2d 239.